SHERMAN REYNOLDS AND ANOTHER v. H. M. & S. N. DECHAUMES, ADM'RS.

The plaintiff in error having failed to file the transcript of the record, at the proper time, with the Clerk of the Supreme Court; on his motion to file the same thereafter, showing cause for the failure, it was held, that his direction to the District Clerk, to make out, and *send up for him* the transcript, was not sufficient cause to excuse the failure.

It is not the duty of the District Clerk to send up the transcript.

If the clerk be relied on, or act for such purpose, it is merely as an agent, and his neglect or failure stands on the same footing, as the failure or neglect of any other agent of the party.

Either party has a right to apply for and obtain an attested copy of the record, and file it in the Supreme Court, for its adjudication, within the time prescribed. But neither has a right to rely on the other to do it.

Reynolds v. Dechaumes.

Neither party is bound to file a transcript, after obtaining it, unless it should suit him to do so.

Certificates by a District Clerk, of matters, concerning which the law does not require him to certify, give to the facts, in relation to which they apply, no greater evidence of verity, than if certified by any other person, who had not been sworn to them; they cannot therefore properly form the foundation of judicial action, and need not be presented on an application of this kind.

Under the circumstances of this case, this court held, that by the acts of his attorney, the defendant in error occupied a position, which prevented him from resisting a motion by the plaintiff in error, to file the transcript, after the proper time for filing the same had elapsed.

MOTION for plaintiffs in error, for leave to file and docket the transcript, on error from Bastrop. The plaintiffs in error filed as an exhibit, in support of the motion, together with the affidavit of B. H. Davis, their attorney, a certificate by J. C. Buchanan, deputy clerk for H. S. Morgan, clerk of the District Court of Bastrop county, under his official seal, which stated that in this case a transcript was made of all the papers and records in the case; and that on the 16th day of September, 1858, the same was demanded by and delivered to E. P. Petty, Esq., a partner of George W. Jones, the attorney for plaintiffs in the District Court; and that the said transcript had not been in his possession since that date. Certificate dated November 4th, 1858.

The other facts appear in the opinion.

*Hancock* and *West*, for plaintiffs in error.

ROBERTS, J. Defendants in error have filed a certificate in this case, and ask an affirmance of the judgment, without reference to the merits. The plaintiffs in error having failed to file the record at the proper time, have now brought into court a transcript of the record, and ask leave to file it. Their attorney has made and presented an affidavit, for the purpose of showing good cause why the plaintiffs in error did not file the transcript in court, in due time. From this it appears, that the plaintiffs' attorney filed a petition for a writ of error, and requested the clerk

to make a transcript of the record, and send it up to the Supreme Court. That about a month before the time when the transcript should have been sent to the Supreme Court, one of the defendants' attorneys obtained the transcript, and has retained it; that he expected it had been sent in time, and did not know to the contrary, until the proper time for delivering it had passed; and that he then, as soon as practicable, applied for and obtained another one to be made, which he now seeks to file. Other matters, included in this affidavit, it is unnecessary to notice.

The question now is, has "good cause" been shown, why the plaintiffs did not file the transcript in due time? The statute (Hart. Dig. Art. 792-3,) prescribes, "that when by appeal, or otherwise, a cause shall be taken from the District Court to the Supreme Court, the clerk of the District Court shall immediately make up a full and perfect record of all proceedings in such cause, and shall, on the application of either party, give to such party an attested copy of such record," &c. This statute contemplates two entirely distinct things. 1st. The clerk shall, by direction of law, in discharge of his duty, make up a full and complete record. 2d. Upon the direction or application of either party, he shall give to such party an attested copy of such complete record. This does not enjoin upon the clerk the duty of making an attested copy of such record, unless application be made for it by one or both of the parties. Nor does it enjoin upon him the duty of sending up such attested copy to the Supreme Court; and if he should undertake to do so, at the request of either party, he will act as the agent of such party, and not as clerk of the District Court.

It is made the duty of the appellant, or plaintiff in error, to file a transcript of the record, (being said attested copy, which he has a right to apply for,) with the clerk of the Supreme Court, on or before the first day of the time, during the term that may have been designated by the Supreme Court, for the trial of causes from the district in which such appeal or writ of error was taken. (Hart. Dig. Art. 2937.) It has been held,

that either party may file the transcript in the Supreme Court at such time.

From these provisions, it follows, that either, or both the parties, have a right to apply for and obtain an attested copy of the record, and file it in the Supreme Court, for its adjudication, within the time prescribed. But neither party has a right to rely upon the other to do it. Neither party is bound to file it, after obtaining it, unless it should suit his own wishes to do so.

In this case, the plaintiffs, by their attorney, directed the clerk to make out a transcript of the record, and to send it for him to the Supreme Court; and the clerk did make it out, and did not send it up as directed, but gave it to the defendants' attorney. He should have retained the one made out for plaintiffs, and have made out another for defendants upon the application of their attorney. If the plaintiffs had relied on the clerk, as their agent, to send this transcript to the Supreme Court, and he had simply failed to do it, his failure would stand on the same footing as a failure by any other agent, to whom this duty had been entrusted. The plaintiffs should not have depended upon the clerk to send it up, but should have gone to the clerk's office and brought it themselves, or seen that it was sent safely. His mere failure to do so, and the mere negligence of the clerk, in not sending it, could hardly be held to be good cause. But in this case, the defendants' attorney applied for and obtained this transcript, by which the clerk was prevented from sending it up, and by this means, most probably, the failure occurred. The clerk had made out but one transcript, and we may fairly presume, did it at the request, and on the direction of plaintiffs' attorney. Had the defendants' attorney requested it beforehand, he would, doubtless, have made out another copy for him, as it would have been his duty to do. Having taken and kept out this copy, thus applied for by plaintiffs' attorney, we do not think the defendants occupy a position to resist this application. Had it been made to appear that defendants also applied for a transcript to be made out for them, and that the

transcript, thus kept out, was received by them in pursuance of such application, the case would have been entirely different.

The clerk of the District Court of Bastrop county has certified to certain facts in relation to this matter. As the law does not require him to make any such certificate, he has attached to those facts no greater evidence of verity, than if they had been certified to by any other person, who had not been sworn to them. Therefore, such certificates cannot properly form the foundation of judicial action, and need not be presented on an application of this kind.

The motion of plaintiffs to file the transcript will be sustained, upon payment of cost of certificate and cost of this motion.