## G. R. Freeman v. Jacob Kuechler et al.

1. Freeman brought suit against the Commissioner of the General Land Office in Travis county, where that office is located, and also against B and C as co-defendants, alleging that B and C were guilty of a fraud in Travis county, in filing certain field-notes in the land office of a survey of land in Navarro county which was claimed by Freeman under a different location, and he prayed that his location be declared valid, and that the commissioner be directed by *mandamus*

to patent the same; that the field-notes and survey of B and C be annulled, and the Commissioner of the General Land Office be enjoined from issuing a patent thereon. On appeal from a judgment of the District Court, sustaining a demurrer to the petition: *Held*, 1. Where the principal cause of action is a fraudulent act, suit may be brought in the county where the act was committed. 2. Where the main object of a suit is to set aside a fraudulent transaction, it may be brought in the county where the fraud was committed. 3. The alleged fraud in filing the field-notes in the General Land Office in Travis county and there applying for a patent would not give jurisdiction to the District Court of Travis county under the sixth exception to the rule, which entitles a defendant to be sued in the county where he has his domicile. (Paschal's Dig., art. 1423.) The acts alleged do not constitute such a fraud as was contemplated by the statute. The main fraud, if any existed, was in the location or entry by B and C in another county.

2. DISTINGUISHED from Evans *v.* Mills, 16 Tex., 196–199, and Finch *v.* Edmonson, 9 Tex.; 504.

3. APPROVED.—Commissioner of Land Office *v.* Smith, 5 Tex., 485; Henderson *v.* Kissam, 8 Tex., 55; Pool *v.* Pickett, 8 Tex., 123.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

The facts essential to a proper understanding of the opinion are stated in it.

*G. R. Freeman* and *Sheeks & Sneed,* for appellant, in support of their position that the suit was properly brought in Travis county, cited and discussed Evans *v.* Mills, 16 Tex., 200; Finch *v.* Edmonson, 9 Tex., 504; Hearst *v.* Kuykendall, 16 Tex., 329; Morris *v.* Runnells, 12 Tex., 175. Their brief also contained an exhaustive argument on the sufficiency of the cause of action stated, aside from the question of jurisdiction, which is omitted, as touching a question not noticed in the opinion.

*Walton, Green & Hill,* for appellee, discussed the various questions argued by appellant. On the question of jurisdiction they said: " It is insisted that a fraud has been committed in Travis county by the filing of the field-notes of the

3S

survey of the land in Navarro county, in the General Land Office, and asking for patent thereon. It would have been nearer correct to say (as is said in the petition) that a fraud is about to be committed by procuring patent. This, however, would have been very far from the demands of the statute, which requires, in order to give jurisdiction under this exception, that a fraud should have been consummated or committed. * * *

" Under the provision of the law, that suits against the heads of the departments must be brought in the county where the seat of government is situated, we have had many attempts on the part of suitors, sometimes by injunction, and sometimes by *mandamus* against said officers, to try questions involving the title or right of others in other counties, and by that means to drag these persons away from their homes to litigate their right in a distant forum. This court has, however, steadily refused to sanction such a practice. (Commissioner of the General Land Office *v.* Smith, 5 Tex., 485; Roan *v.* Raymond, 15 Tex., 85; Horton *v.* Hamilton, 20 Tex., 611; Tabor *v.* Commissioner General Land Office, 29 Tex., 521.)"

GOULD, ASSOCIATE JUSTICE.—Freeman brought this suit in Travis county, alleging that J. M. Elliott, of Navarro county, was his employed agent to locate or re-enter for him certain tracts of land in Navarro; that in fraud of his duty as agent Elliott failed to make the re-entries, but in December, 1872, entered a certificate belonging to another person, on one of the tracts which he had engaged to re-enter for plaintiff, and about the same time fraudulently combined with one Randall of Travis county, to obtain a patent on said fraudulent entry, with whose aid, about February 11, 1873, he fraudulently caused to be filed in the General Land Office in Travis county field-notes of a pretended survey of said land. It was further alleged that Randall, combining with Elliott, persistently and fraudulently urged, within Travis county, the

issuance of a patent on said fraudulent location. The plaintiff claimed that by virtue of his original entries and re-entries, which he had secured notwithstanding Elliott's alleged fraud, and the return of his field-notes thereon to the General Land Office, he was entitled to a patent on the 640-acre tract in question. The prayer was for damages against Elliott and Randall for their alleged fraudulent acts, and for an injunction, restraining them from further prosecuting the claim for a patent, and also restraining the Commissioner of the Land Office, who was made a party, from issuing such patent.

In a supplemental petition the plaintiff sets out at great length facts showing, as he claimed, that he was entitled to the 640 acres in question by virtue of his original entry—by virtue of attempts to re-enter whilst the office of surveyor of Navarro county was vacant, and by virtue of his re-entry. He alleges, that the entry made by Elliott was of a pretended certificate for an unlocated balance of a headright 1280 certificate of 2d class in the name of J. D. Matthews, furnished by J. M. Lester of Navarro county, whom Elliott induced to settle on the land, and with whom Elliott was interested in the location. It is averred that the certificate for the unlocated balance, issued by F. M. White, Commissioner General Land Office, March 15, 1860, was invalid, because the original 1280 issued by the Board of Land Commissioners for Robertson county in 1844 was never approved by the Traveling Board or by the Commissioner of Claims, and that Elliott and Lester were guilty of a fraud and crime in Travis county in filing the field-notes of the survey made by virtue of such certificate. Lester was made a party defendant, and the prayer was that plaintiffs' location be declared valid, and the commissioner directed by *mandamus* to patent the same, that the location and field-notes under the Matthews certificate be annulled, and the commissioner enjoined from issuing patent thereon, and for general relief.

The defendants excepted to the petition, the defendants Elliott and Lester setting up, as one ground of exception, that it appeared on the face of the petition that they were residents of Navarro county, where the land was situated, and that no sufficient cause was shown for suing them elsewhere, the petition showing no cause of action against Randall or the Commissioner of the General Land Office. The court sustained the demurrer to the petition, dissolved the injunction which had been granted, and dismissed the case.

Unless the petition stated a case within some of the statutory exceptions to the general rule entitling a defendant to be sued in the county where he has his domicile, the exceptions were properly sustained. It is claimed that the averments bring the case within the 6th exception, which is as follows: " 6th. In cases of fraud, and also in cases of defalcation of public officers, in which cases suit may be instituted in the county where the fraud was committed, or where the defalcation occurred, or where the defendant has his domicile." We think that it is only necessary to refer to some of the early cases of this court enforcing the general rule, and to examine the cases referred to by appellant, in which the 6th exception was considered, to show, that the petition does not state such a case of fraud as comes within the meaning of the statute, as heretofore construed.

In Pool *v.* Pickett, 8 Tex., 123, Chief Justice Hemphill says: " The cherished policy of the law is, that the inhabitants of the State shall be sued in the counties in which they respectively have their domiciles. * * * This was the rule under the former or Spanish system of jurisprudence, and it has always been regarded as just in itself and eminently advantageous to defendants, for whose benefit it was intended. This rule cannot be defeated by any evasion or artifices intended merely for that purpose. The defendant cannot be dragged from the forum of his own domicile by any mere contrivance to evade the domestic jurisdiction."

And again the same distinguished jurist says: " The priv-

ilege granted was extended as a substantial benefit, not to be disregarded unless on exceptions indicated by law, and which must have facts for their foundation." (Henderson v. Kissam, 8 Tex., 55.)

The case of Cleveland v. Wood is much relied on by counsel for appellant; but as it appears from the records of the court that the judgment was set aside and the opinion withdrawn, the case cannot be regarded as authority.

In Evans v. Mills, 16 Tex., 196, the object of the suit was the recovery of a slave alleged to have been privily and fraudulently taken from plaintiff's premises, under a fraudulent pretense.

In Finch v. Edmonson, 9 Tex., 504, the object of the suit, which, however, was brought in the county of defendant's residence, was to set aside an alleged fraudulent sale, made in that county, and the objection made was, that the suit was not brought in the county where the land was situated. Neither in the facts on which they were decided, nor in the principles enunciated, do either Evans v. Mills or Finch v. Edmonson constitute authority for a suit like the present. The proposition may de deduced from them, that where the principal cause of action is a fraudulent act, suit may be brought in the county where that act was committed, or that where the main object of the suit is to set aside a fraudulent transaction it may be brought in the county where the fraud was committed. Certainly, the main fraud complained of in the petition is the alleged fraudulent entry by Elliott and Lester, in Navarro county, and the chief object of this suit is to remove the obstacle to plaintiff's claim growing out of that entry, and, perhaps, to obtain damages for that alleged fraud. The only acts charged as committed in Travis county are the filing of the field-notes and the application for patent. These acts are but the ordinary and necessary steps in the progress of every survey to a patent. If in themselves they are sufficient to justify suit in Travis county, then it would seem that the litigation in every case of contested locations may be

drawn to that county by simply awaiting that stage of progress, and charging the filing and application to be fraudulent. As alleged in the petition, these acts are not in themselves such a fraud as the statute contemplates. As was said by Justice Wheeler, in the case of Commissioner of the General Land Office *v.* Smith, 5 Tex., 485, in speaking of proceedings by *mandamus* instituted under the act of January 25, 1841, at the seat of government: "It does not, however, appear to have been intended by the act last cited to enable a party, under the form of a proceeding by *mandamus*, against the Commissioner of the Land Office to bring any other person to whose lands he may choose to assert a claim from his home, or the county in which his lands may be situated, to the seat of government to defend his title. Such a practice would be regarded as intolerable, and could never have been contemplated by the Legislature." (5 Tex., 485.) So, we think, the Legislature never contemplated, by making fraud actionable in the county where committed, that this exception would allow of the transfer of the litigation of every alleged fraudulent survey to the seat of government.

The same reasoning leads to the conclusion that Randall and Keuchler were improperly joined in the suit, and that the suit in Travis county cannot be maintained on the ground that some of the defendants resided there.

In the supplemental petition it was alleged that by the filing of the field notes and application for patent, a crime was perpetrated in Travis county, and the averment seems to have been made with reference to the 7th exception made in the statute we have been considering. We have not been cited to any statute which makes it a penal offense to file field-notes in the General Land Office, or to apply for patent on the same, and we have not therefore found it necessary to pass upon the question of the validity or invalidity of either the original J. D. Matthews 1280 certificate, or the certificate for the unlocated balance thereof, issued by the Commissioner of the General Land Office in 1860. In affirming the judg-

ment of the District Court we do so without expressing any opinion on the merits of the plaintiff's case as stated in his petition, and without prejudice to any rights which he may have to the land in controversy, or to damages of defendant Elliott. We simply hold that the demurrer to the petition, on the ground that no case was stated justifying suit against defendants Elliott and Lester in Travis county, was well taken; and for that reason the judgment is affirmed.

AFFIRMED.