SAN ANTONIO STREET RAILWAY CO. v. JAMES L. HELM AND E. C. HELM.

(Case No. 5487.)

1. CHARGE OF COURT — PRACTICE. — When the statement of the cause of action and of the nature of the defense, made by the court below, was not full, and appellant did not ask for a charge giving a fuller statement, he cannot complain for the first time after appeal.

2. MISJOINDER OF PARTIES. — In actions to recover money which will be community property when realized, the wife is not ordinarily a necessary or proper party.

3. SAME. — A judgment will not be reversed for every erroneous ruling, but only when the opposite party is injured by such ruling. Appellant cannot be injured by the erroneous ruling of the court in this case, since a judgment in favor of husband and wife is a bar to any subsequent claim set up by either. If exceptions be taken in the court below, based on the misjoinder of husband and wife as plaintiffs, when the wife is not a necessary or proper party, and an injury be shown to defendant as a result thereof, the overruling of the exception would be cause for reversal.

Appeal from Bexar.   Tried below before the Hon. G. H. Noonan.

This suit was instituted on the 27th day of August, 1883, by the appellees, Helm and wife, to recover $25,000 damages for personal injuries sustained by Mrs. Helm on the 12th day of the same month, through the negligence of appellant's employees.   Plaintiffs (appellees) alleged in the pleadings that defendant was a common-carrier of passengers for hire, and that Mrs. Helm was a passenger on one of the defendant's cars at the time of the injury, and was in a delicate situation from pregnancy.   That, as she was cautiously attempting to step from the car to the ground, the car started suddenly, through negligence of the driver, and threw her with great violence to the ground, by which she sustained serious injuries, being bruised badly upon the right hip, and causing a violent shock to her nervous system.   That she was confined to her bed constantly for weeks afterwards, being continually threatened with miscarriage, greatly endangering her life.

The defendant below pleaded general denial and contributory negligence.   The jury returned a verdict of $900 for plaintiff, and a motion for a new trial being overruled, defendant appealed.

*Houston Bros.,* for appellant, on the charge of the court, cited: Willis *v.* McNeill, 57 Tex., 465; Glasscock *v.* Schell, 57 Tex., 215; I. & G. N. R. R. Co. *v.* Ormund, Tex. Law Rev., vol. 4, No. 18, p. 263.

*J. H. McLeary,* for appellees, on the same subject, cited: Gal. Oil Co. *v.* Malin, 60 Tex.. 649; Shook *v.* Peters, 59 Tex., 393; Endick *v.* Endick, 61 Tex., 560; Powell *v.* Haley, 28 Tex., 55, 56.

Stayton, Associate Justice.— The statement of the cause of action, and of the nature of the defense, made by the court, was correct as far as it went, but not full.

This, however, could have been corrected, if deemed necessary by the appellant, through a charge giving a fuller statement; but this was not asked, and in such case the appellant has no just ground of complaint.

The fifth instruction given contains a correct exposition of the law applicable to the question of the liability of the appellant, and as to the measure of damages; and if, in the latter respect, it was thought not to be sufficiently specific, a proper charge should have been asked.

There is nothing in the evidence and verdict to induce the belief that the very formal character of the charge, as to the measure of damages, operated to the prejudice of the appellant.

Taken all together, there is no reason to believe that the charge in any respect misled the jury, and there was ample evidence to justify the verdict in favor of the appellees for the sum for which the judgment was rendered; and that there was opposing evidence offered by the appellant from which the jury might have found differently, furnishes no ground for setting the verdict and judgment aside.

In actions to recover money which will be community property when realized, the wife is not ordinarily a necessary or proper party; but in this case no objection was taken to her joinder with her husband as a plaintiff, and it cannot be raised here for the first time. No injury results to the appellant from the rendition of a judgment in favor of the husband and wife. In T. C. R'y Co. *v.* Burnett and Wife, 61 Tex., 639, in an action similar to the present, it was held that the joinder of the husband and wife as plaintiffs was error, and that, for the action of the court below in overruling an exception based on such misjoinder, a judgment subsequently rendered in the case should be reversed.

It is not for every erroneous ruling that a judgment should be reversed; but this should be done only in those cases in which the opposite party has probably been injured thereby. In suits of the character of the present, we are of the opinion that a judgment in favor of a husband and wife does not ordinarily operate to the prejudice of the defendant against whom it is rendered. Such a judgment is as complete a bar against any claim which might subsequently be set up by the husband or wife as would be a judgment rendered in a cause in which the husband was sole plaintiff.

If the costs be increased by the joinder of the wife when she ought not to be joined, or if a defendant be shown in any other manner to have been prejudiced, then the overruling of an exception based on the misjoinder of parties would be sufficient ground for reversal; but if no such injuries be shown, then the action of the court below in overruling such an exception is not sufficient ground for reversal in cases of this character. There is no error in the judgment and it is affirmed.

Affirmed.

[Opinion delivered May 8, 1885.]