Missouri, Kansas & Texas Railway Co. of Texas v. Jesse B. and Della Jamison.

No. 1500.

**1. Evidence—Leading Question.**

See opinion for numerous questions held not to be objectionable as suggesting any particular answer, and not leading.

**2. Misjoinder—Must Prejudice Party Complaining.**

It was not reversible error to overrule a special exception to joinder of husband and wife in a suit for personal injuries to the wife in the absence of any showing that defendant was prejudiced thereby.

**3. Contributory Negligence—Pleading.**

Contributory negligence to be available as a defense must be pleaded and proved by defendant. In a suit by husband and wife to recover damages received by her getting off defendant's train, where the answer charged the wife with negligence in getting off and the husband with subsequent negligence only, defendant was not entitled to a charge requested, submitting to the jury the question whether there was contributory negligence on the part of the husband, who had got off first, in failing to assist his wife to alight, knowing that she was pregnant.

**4. Verdict.**

A motion in arrest of judgment on the ground that verdict in a suit by husband

and wife for personal injuries to wife read "for the plaintiff" instead of "plaintiffs" was properly overruled.

**5.  Negligence—Degree of Care Measured by Circumstances.**

In a charge defining negligence in a suit for injury to a female passenger by starting train while she was attempting to alight, it was not improper to say, "The exigencies of the particular occasion dictate and limit the degree of care which a person of ordinary prudence would have used under such circumstances."

Appeal from Williamson.   Tried below before Hon. R. E. Brooks.

Plaintiffs were passengers on defendant's road from Taylor to Granger.   In alighting at the latter place the husband got off first with their child in his arms; the wife attempting to follow, as fast as possible, was thrown down and injured by the starting of the train with a sudden jerk while so doing, the train barely coming to a stop.   This was the theory supported by plaintiffs' evidence.

The evidence in support of the verdict was attacked by appellant only with reference to its sufficiency to sustain a recovery in the amount awarded and being lengthy is thought not of sufficient interest to justify its insertion with reference to the opinion of the court on the facts.

Appellants' charge No. 1, which was refused by the court, was as follows:   "You are instructed that if the plaintiff, Jesse Jamison, knew that his wife was pregnant at the time she was a passenger on defendant's train, and knew, or you believe that as a man of ordinary prudence, he should have known that her condition required that she should have assistance in getting off said train to prevent her falling, or receiving a jar or jerk, or being otherwise injured, and you further believe that as a man of ordinary prudence he should have given her such assistance under the circumstances and that he failed to do so, and that such failure was negligence on his part, and you further believe that had he given her such assistance she would not have been injured, then you will find for the defendant."

The third paragraph of the charge is as follows:

"Upon the law of the case, you are instructed that negligence as that term is used in this charge is the failure to do that which a person of ordinary prudence resting under legal obligations would have done under the particular circumstances, or the doing that which such a person under such obligation would not have done under like circumstances. The failure to exercise such care as an ordinarily prudent person would have exercised under similar circumstances is negligence.   The exigencies of the particular occasion dictate and limit the degree of care which a person of ordinary prudence would have used under such circumstances."

*West & Cochran*, for appellant.—The court erred in overruling defendant's special exception to plaintiff's petition, because of the misjoinder of Della Jamison as party plaintiff.   The cause of action being for alleged personal injuries sustained by the wife, the husband is entitled

to recover therefor, and the wife is neither a necessary nor a proper party. Railway v. Duelin, 86 Texas, 450.

The court erred in not suppressing the answer to the 7th direct interrogatory propounded to plaintiff Della Jamison by her attorney, because the said interrogatory was misleading and suggested the answer.

The uncontroverted facts show that the plaintiff, Della Jamison, was pregnant at the time she claims to have been injured, and her condition being known to her husband, and unknown to the carrier, and he having preceded her in getting off the train, it was his duty as a man of ordinary prudence to assist his wife in safely alighting from the train, and the question of whether it was negligence on his part not to give his wife such assistance should have been submitted to the jury. On proposition that carrier was not bound to assist her: Wood on Railroads (last edition), vol. 2, pp. 1362 and 1363; Raben v. Railway, 73 Iowa, 581, and 74 Iowa, 732; Laflin v. Railway, 106 N. Y., 136.

As the verdict of the jury was a finding in favor of "plaintiff" and not in favor of both plaintiffs, it was insufficient to form the basis of the judgment rendered, and the court should have arrested the judgment on defendant's motion duly filed.

*Makemson & Fisher* and *O. T. Holt,* for appellees.—Della Jamison is the wife of Jesse B. Jamison, and was injured by the negligence of the appellants in failing to carry and transport her to her destination, Granger, and stop their train a sufficient length of time in which to permit her to safely alight therefrom, and by reason of such neglect she has been seriously and permanently injured and damaged. Railway v. French Smith, 59 Texas, 406; Railway v. Garcia, 62 Texas, 286; Railway v. D. A. Miller, 79 Texas, 79; Railway v. Corrie Finley, 79 Texas, 87; 53 Texas, 289; 60 Texas, 180; 64 Texas, 536; 54 Pa. St., 375; 32 Pa. St., 292; 51 Ind., 42; 21 Conn., 557; 26 Ind., 228; 30 N. J., 370; 38 N. Y., 131; Hutchinson on Carriers, page 507; 52 Am. & Eng. R. R. Cases, 290; 29 Pac. Rep., 593; 52 Am. & Eng. R. R. Cases, 298; 11 Id., 134; 3 Id., 312; 11 Id., 128; 27 Id., 170; 26 Id., 223.

That the wife was joined with her husband and made a party to the suit is not ground for reversal. Railway v. Helm, 64 Texas, 147; 54 Texas, 578; 2 App. C., 481; 2 App. C., 684; 2 App. C., 422; 3 App. C., 185.

The several interrogatories propounded to witnesses, complained of by appellants in their assignments, were not leading as contended for, and in order to be objectionable as leading the questions should not only ask an affirmative or negative answer but in addition thereto must suggest the particular or desired answer. Whether a question is leading depends upon the determination of the inquiry, whether it suggests any particular answer. 79 Texas, 299. As to what are leading questions: 49 Texas, 142; 52 Texas, 185; 6 Texas, 350; 17 Texas, 155; 29 Texas, 361; 58 Texas, 67; 75 Texas, 631; 17 Texas, 513; 72 Texas, 55; 26 Texas, 352. Questions which merely point to such facts as will direct

the attention of the witness to the matter in relation to his testimony are not leading, nor do they suggest the desired or particular answer. 8 Texas, 462. Although the form of the question may be objectionable, yet if the answer thereto is harmless, it is not error. 2 C. A., 586; 81 Texas, 85. A question may assume the existence of a certain state of facts, and yet not be leading. 16 Texas, 369. The rule which prohibits leading questions has no application to that part of the examination which is merely introductory. 32 Texas, 139. The court below had discretionary power to permit leading questions. 32 Texas, 140. It is not the form of the question, but it is whether it suggests the particular or desired answer. 26 Texas, 352.

The allowance of a leading question is within the discretion of the court, and is not reversible error.

If the questions were leading, as contended for by the appellants, it is not a reversible error. These matters are largely left to the discretion of the trial court, and after taking all the evidence the appellees' case has been fully proved, so the fact that one or two, or more, leading questions might have been asked would not be ground for reversal, except when it clearly appears that the appellants have been prejudiced by reason of any leading questions asked any of the witnesses. 12 Texas, 59; 159 U. S. Rep., 273; 3 Allen, 466; 87 Pa. St., 124; 20 Ill., 35; 40 N. E. Rep., 942.

The court did not err in the third paragraph of his charge, in defining negligence. It was correctly defined, and is applicable to the facts. 86 Texas, 1.

The court did not err in refusing to give charge No. 1, asked by the appellants, to the effect that the husband should have assisted the wife off the train when they arrived at their destination. It is proper to refuse to give a special instruction where the case was fully presented in the general charge. Spiars v. Dallas Cotton Mills, 32 S. W. Rep., 777.

The verdict of the jury is intelligible, plain and easily understood. The fact that the letter "s" is omitted does not render the same uncertain. 1 Texas, 98; 2 Texas, 203; 7 Texas, 584; 8 Texas, 418; 12 Texas, 54; 17 Texas, 367; 22 Texas, 324.

The verdict of the jury is not excessive, and is abundantly supported by the evidence. Brooke v. Clark, 57 Texas, 105; Railway v. Stewart, 57 Texas, 166; Railway v. McNamara, 59 Texas, 255; Railway v. Brett, 61 Texas, 484; Railway v. McAtee, 61 Texas, 695; City of Galveston v. Posnainsky, 62 Texas, 118; Railway v. Greenlee, 62 Texas, 344; Railway v. Lizzie Lee, 69 Texas, 561; Railway v. Shuford, 72 Texas, 165; Railway, v. Chas. E. Jones, 75 Texas, 151; Railway v. Johnson, 76 Texas, 422; Railway v. Brazzil, 78 Texas, 314; Railway v. Reese, 55 Fed. Rep., 288; 37 Am. & Eng. Ry. Cases, 540; 41 Am. & Eng. Ry. Cases, 240; 44 Am. & Eng. Ry. Cases, 536.

The appellant's liability as a common carrier continued until Mrs.

Jamison had been carried safely to Granger and given ample time in which to alight. 79 Texas, 79; 69 Texas, 406.

KEY, ASSOCIATE JUSTICE.—Appellees sued appellant to recover damages for injuries alleged to have been sustained by Della Jamison while attempting to alight from a passenger train on appellant's road. From a verdict and judgment for the plaintiffs for $5000 the defendant has appealed.

There is conflict in the testimony; but in deference to the verdict, there being evidence to sustain it, we find, as conclusions of fact:

1. That the defendant was guilty of negligence in the manner charged in the plaintiffs' petition.

2. That neither of the plaintiffs were guilty of the contributory negligence charged against them in the defendant's answer.

3. That as a direct result of said negligence, Mrs. Della Jamison was injured in the manner alleged in the plaintiffs' petition, and that the plaintiffs have been damaged thereby to the extent of $5000.

*Opinion.*—The plaintiffs testified by deposition. The seventh direct interrogatory to Mrs. Jamison reads thus: "State whether or not you were hurt in attempting to get off, and if so, how? State how you happened to be hurt, state all the facts connected with it. State whether or not you fell, and what caused you to fall. State where you went after you reached your destination? State whether you left immediately for home? State whether or not you suffered any pain afterwards? If you say you suffered pain, state what caused or produced the pain? State how far you had to go before you reached home, if you reached home at all? State where your home was, how far from the depot, if you had any?"

In proper time and manner appellant moved to suppress this and similar interrogatories on the ground that they were leading and suggested the answer desired. The action of the court in overruling the motion to suppress is assigned as error.

We do not think the questions suggested any particular answer, and therefore hold that they were not leading. Lott v. King, 79 Texas, 295.

Mrs. Jamison may not have been a necessary party to the suit, but it is not shown that appellant has been prejudiced by the fact that she was allowed to join her husband as a plaintiff, and we therefore hold that the action of the court in overruling appellant's exception asserting a misjoiner of Mrs. Jamison as a party plaintiff presents no ground for reversal. Railway v. Helm, 64 Texas, 147.

It was held by our Supreme Court in Railway v. Sheider, 88 Texas, 153, that contributory negligence, to be available as a defense, must be pleaded and proved by the defendant. We therefore hold, that the court correctly refused appellant's special charge No. 1, on the subject of contributory negligence on the part of Jesse Jamison, at the time his wife claims to have been hurt, because appellant's answer did not present that issue. The answer charges that Mrs. Jamison was guilty of negli-

gence in getting off the train; but does not impute any negligence to her husband on that occasion; but does charge him with subsequent negligence.

The court overruled a motion in arrest of judgment, predicated upon the fact that the verdict reads "for the plaintiff" instead of for the "plaintiffs." The ruling was correct. The verdict was sufficient. Reed v. Phillips, 33 S. W. Rep., 986.

Error is assigned upon the third paragraph of the court's charge, which defines negligence; and the sentence complained of is pointed out, but the particular objection to it, or reason for charging error, is not stated in appellant's brief; and no reason suggests itself to us for holding it to contain reversible error.

We have already announced our conclusion that the verdict is sustained by the evidence; and it is not necessary to discuss the facts in detail.

The judgment is affirmed.

*Affirmed.*

Delivered March 11, 1896.

Chief Justice Fisher did not sit in this case.

Writ of error refused.