## A. J. LINDSEY ET AL. V. STATE OF TEXAS ET AL.

Decided December 11, 1901.

:1.—Venue—Fraud—Transfer of Judgment.

Where the action is to set aside a fraudulent transfer of a judgment it may be brought in the county where such transfer was obtained, though the defend-.ants reside in another county, since the seventh exception in the article of the statute regulating the venue of suits permits suit for a fraudulent act to be ;brought in the county where the act was committed. Rev. Stats., art. 1194.

:2.—Same—Jurisdiction—Collateral Attack.

Where a county commissioners court has made a fraudulent transfer of a judgment on a bail bond to the sureties thereon, an action to set aside such ·transfer is properly brought in the district court, and is not a collateral attack on the judgment of a court of competent jurisdiction.

.3.—Constitutional Law—Release of Debt to County.

The provision of the Constitution denying to the Legislature the power to ;authorize the release of any indebtedness due to the State or a county renders ·void the action of a county commissioners court transferring a judgment on a forfeited bail bond to an agent of the judgment debtors, for their benefit, and for less than the amount of the judgment.

·4.—Sale of Judgment by County—Statute Construed.

The article of the statute authorizing the commissioners court to sell a judgment belonging to the county, where the judgment debtors are insolvent, does not authorize the sale of a judgment at a discount where the judgment debtors are solvent and the sale is to one who is acting as their agent and for their benefit. Rev. Stats., art. 845.

.5.—Misjoinder—Harmless Error.

Where a person is improperly joined as a defendant, such action is not prejudicial to the other defendants where all the costs incurred thereby are taxed against him and he files no pleadings and introduces no witnesses.

·6.—Abstract of Judgment—Indexing—Certificate of Clerk.

The indexing of an abstract of a judgment can not be proved by a certifi-·cate of the county clerk to the effect that at a certain time he had indexed it, .as such a certificate is not a copy of the record certified to by him.

·7.—Assignment of Error—Bill of Exceptions.

An assignment of error to the exclusion of evidence will not be entertained where the bill of exceptions does not indicate the ground on which the evidence ·was excluded.

Appeal from Edwards. Tried below before Hon. J. M. Goggin.

*Walter Anderson* and *John C. Townes,* for appellants.

*J. R. Sanford* and *Ball & Fuller,* for appellees.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by the State of ·Texas, through her district attorney, J. R. Sanford, and Edwards County, .against A. J. Lindsey, T. D. Lindsey, J. J. Jones, T. M. Payne, Martin Moran, and W. D. Walker, to set aside the transfer made by the Commissioners Court of· said county of a certain judgment in favor of the State of Texas against Dick Lindsey as principal and all of the above ·named defendants as sureties except Walker. It was alleged that all of

the defendants, now appellants, resided in Mason County. W. A. Johnson, the district clerk of Edwards County, was a party defendant, and a mandamus was prayed for against him to compel him to issue an execution under the judgment aforesaid.

It was alleged in the petition that on October 24, 1894, in the District Court of Edwards County, in an action styled State of Texas v. Dick Lindsey et al., the State recovered of Dick Lindsey, as principal, and A. J. Lindsey, T. D. Lindsey, J. J. Jones, T. M. Payne, and Martin Moran as sureties, on a certain forfeited bail bond, the sum of $6000 with interest at the rate of 6 per cent per annum from date of the judgment, and all costs of suit. It was further alleged that at the February term, 1897, of the Commissioners Court of Edwards County, appellants, through fraudulent representations made by them to said court, obtained a transfer of the aforesaid judgment to W. D. Walker for the sum of $500; that said transfer was simulated, and that the sureties on said bail bond were the real purchasers of said judgment. It was averred that the sureties were not insolvent as represented to the Commissioners Court by Walker, acting for said sureties, but that they were worth largely in excess of said judgment above all other incumbrances and debts. Appellants excepted to the petition for want of jurisdiction of their person, and pleaded their privileges to be sued in Mason County, and denied the allegations of fraud made in the petition. The exceptions and plea were overruled, and after hearing the evidence the court instructed a verdict for appellees, and upon the verdict so returned judgment was rendered decreeing that the State, for the use of Edwards County, had a valid judgment lien on certain real estate described therein, for the full amount of the original judgment, less the $500 paid by Walker; that the lien be foreclosed; that the transfer of the judgment be set aside, and that the district clerk be commanded to issue an order of sale in the terms of the law.

It was established by the evidence that on October 24, 1894, the State of Texas recovered a judgment, in the District Court of Edwards County, against Dick Lindsey, as principal, and A. J. Lindsey, Martin Moran, J. J. Jones, T. M. Payne, and T. D. Lindsey, as sureties, on a forfeited bail bond in the sum of $6000, with 6 per cent interest per annum from date, and all costs of suit. An appeal was taken by the sureties to the Court of Criminal Appeals, where the judgment was affirmed on June 22, 1898. An execution was issued to Edwards County, which was returned "No property found," and on March 5, 1895, an alias execution was issued to Mason County and levied on certain property in that county, which had been transferred to numerous parties subsequent to the date of the judgment. The parties to whom the lands had been transferred brought suits to enjoin the execution, which were continued on the docket until March 1, 1897, when they were dismissed at plaintiffs' costs. The sheriff did not sell the lands, but made a return showing the pendency of the suits. On February 8, 1897, the Commissioners Court of Edwards County passed and entered an order selling the judg-

ment to W. D. Walker for $500.   Walker is a relative of A. J. Lindsey, and did not go in person to negotiate a purchase of the judgment, but sent A. J. Lindsey, one of the judgment debtors, to buy the judgment. When the judgment was transferred to him, he transferred it to the sureties, but said he did not remember what he got for it.   In a letter written by the attorney of the sureties to the Commissioners Court, he represented that all the sureties were insolvent, and that Walker was induced to buy the judgment in order to aid the sureties in getting a release from the judgment.   The reasons given by the Commissioners Court for the transfer of the judgment were, that the principal was dead when the bail bond was forfeited; that the sureties were insolvent, and that the property held by them had been disposed of; that the execution had been enjoined, and that Edwards County needed ready cash money.   The facts showed that appellants were not insolvent, and that the transfers made by them were fraudulent and void.   The uncontradicted evidence established that Walker was acting as the agent of the judgment debtors, and that they were the real beneficiaries of the transfer of the judgment.

The seventh exception in article 1194, Revised Statutes, to the general rule that no person, an inhabitant of this State, shall be sued out of the county in which he has his domicile, is that in all cases of fraud suits may be instituted in the county in which the fraud was committed. The article is construed to mean "that where the principal cause of action is a fraudulent act, suit may be brought in that county where that act was committed, or that where the main object of the suit is to set aside a fraudulent transaction it may be brought in the county where the fraud was committed."   Freeman v. Knechler, 45 Texas, 592; Booth v. Fiest, 80 Texas, 141.

The object of this suit was the cancellation of a transfer of a judgment alleged and proven to have been obtained by fraud in Edwards County, and the District Court of that county, for that reason, had jurisdiction of the persons of appellants, if for no other reason.   There is no merit in the contention that the suit was a collateral attack upon the judgment of a court of competent jurisdiction.   On the other hand, it was a direct proceeding to cancel a transfer obtained by fraud, and made in contravention of the Constitution, and which was therefore null and void, and the district court had jurisdiction of the matter.   McCampbell v. Durst, 73 Texas, 410.   It is provided in article 111, section 55, of the Constitution of Texas, that the Legislature "shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability, or obligation of any corporation to this State, or to any county or other municipal corporation therein."   The language of this provision is explicit and comprehensive, and it is too clear to admit of question that by reason of such provisions no compromise made with the sureties by the Commissioners Court of Edwards County whereby a less sum than the amount of the judgment was to be received by the county would be valid.   The proof

demonstrates that the sureties in this case, in procuring the transfer of the judgment to Walker, were endeavoring to circumvent and evade the section of the Constitution above cited. It was a palpable scheme to obtain by indirect methods that which they could not get by direct means. So thinly was the scheme disguised that the attorney of the sureties wrote a long application setting up matters which he deemed sufficient to make a case in favor of his clients that should induce the Commissioners Court to sell the judgment to a third party. After stating all the reasons why the judgment was of little value, he wrote that "W. D. Walker, the undersigned, is related to A. J. Lindsey and J. J. Jones, and a friend to T. D. Lindsey and Martin Moran, and is induced to make the proposition here below on the grounds of being desirous to aid them in being at some time released from said unjust judgment at a reasonable amount." In a letter written about the same date that the application to purchase the judgment was written, the attorney wrote to the commissioners advising them that they could sell the judgment under article 845, Revised Statutes of Texas, which was copied into the letter, and added: "I can say that the bondsmen feel that it would not be at all just and right to now make them pay this bond, even if collection could be forced; at the same time they prefer to get it in shape where they can pay out and not be ruined forever; and as attorney for the bondsmen I can say, I think with reasonable certainty, that a forced collection of this judgment can never be made; besides, I think we have a reasonable certainty that the judgment will be remitted or set aside. I send you a proper order to be entered on the minutes of the court; after it is so recorded it should be delivered to Mr. Walker as his, same being to him a transfer of the judgment." The language quoted could not more clearly have declared that the whole object of the transfer to Walker was to extinguish the judgment, if it had been said so in terms, and the after conduct of Walker in immediately selling the judgment in question is but confirmation strong and irresistible of the design of the whole transaction. It was also established that A. J. Lindsey, one of the sureties, gave a bond for the costs of the suit in which the judgment was rendered against him and his cosureties, as required by the terms of the sale.

Article 845, Revised Statutes, is invoked as justifying the Commissioners Court in transferring the judgment. That article of the statute gives, or attempts to give, authority to the commissioners court to sell judgments the proceeds of which revert to and belong to the county, when the principal and sureties are insolvent, so that the judgments or any part thereof can not be collected. If the statute had in contemplation to authorize a compromise or sale of a judgment either directly or indirectly to the judgment debtors it is violative of the Constitution and consequently invalid, and it can offer no defense to the sureties in this case. If sureties on bail bonds can make fraudulent transfers of their property, and then buy through an agent the judgments against them for nominal sums, the constitutional provision can be overridden

in every such case, and the evil intended to be prohibited will flourish with vigor in the very face of the Constitution.

It is insisted that as some of the witnesses for appellants swore that the sureties gave Walker $800, an increase of $300 over the amount paid by him to the Commissioners Court, that this was testimony to show that the sale to Walker was valid, and that therefore the court erred in taking the case from the jury. The evidence, without contradiction, showed that Walker was acting for the sureties in buying the judgment, and any sum given by them to him as a reward for the use of his name can not render the transaction valid and legal. The transaction still remained a release or relinquishment of a part of a debt due by the sureties on the judgment, which is inhibited by the Constitution.

The allegations of fraud were sufficient, and the general demurrer and special exceptions urged against the petition were properly overruled. If the district clerk, W. A. Johnson, was improperly joined in the suit, which we do not hold, it could not in any manner have prejudiced the rights of appellants. The costs were not increased because the costs incurred by reason of his joinder were adjudged against him, and as he did not introduce a witness or file a pleading, we can not see how appellants were injured by his presence in the case. Railway v. Helm, 64 Texas, 147; Lee v. Turner, 71 Texas, 264; Railway v. Watkins, 88 Texas, 20.

In order to obtain a judgment lien in Texas it is not only necessary to have an abstract of it, as required by article 3285, Revised Statutes, recorded by the county clerk in book kept for that purpose, but it is essential that the record of the judgment should be alphabetically indexed, and such index must show the name of each plaintiff and of each defendant in the judgment, and the number of the page of the book upon which the abstract is recorded. Rev. Stats., art. 3288, and authorities cited. No presumption arises from the fact that the abstract of judgment is properly recorded, that an index has been made. Nye v. Moody, 70 Texas, 434; Nye v. Gribble, 70 Texas, 458.

In order to prove an indexing of the abstract of the judgment against the sureties on the bail bond, over the objection of appellants appellees introduced the certificate of the clerk of the County Court of Mason County to the effect that at a certain time he had indexed the judgment record "showing the names of each plaintiff and the names of each defendant in said judgment and the number of the pages of the book upon which said abstract is of record." That part of the index applying to the judgment in evidence was not copied in connection with the abstract of judgment, the only evidence of the indexing being the certificate of the clerk. Copies of the records of the county clerk's office properly certified would be admissible in evidence, but the statement of the clerk as to matters of record have not been made admissible, and the certificate as to the indexing, without a certified copy of that part of the index which was applicable to the judgment in question, was not evidence that the abstract of the judgment was indexed. Reynolds v.

Deschaumes, 22 Texas, 116; Allbright v. The Governor, 25 Texas, 687. In the case of Wood v. Knapp, 100 New York, 114, it was held that it was not within the province of the person making the certificate to determine what is or is not material to a question pending in a legal tribunal. He may certify to the correctness of copies of official papers in his office so as to make them evidence, but beyond that his certificate has no more effect that the opinion of any other person. The admission of this testimony was erroneous, and while not affecting any part of the judgment except that declaring and foreclosing a judgment lien, will necessitate reversal as to that part of the judgment. If such certificate could be held competent evidence of a proper indexing, it was defective in this case because it does not state there was an index in the alphabetical order.

The bill of exceptions upon which the twenty-fourth assignment of error is based can not be entertained because it fails to indicate the grounds upon which the evidence was excluded. Kolp v. Specht, 11 Texas Civ. App., 685; Johnson v. Crawl, 55 Texas, 571.

The twenty-fifth assignment of error complains of the admission of the testimony of W. D. Walker, A. J. Lindsey, Theo. Smidt, and T. E. Matheny, and the fraudulent deeds executed by the sureties. This evidence was properly admitted to prove that the transfer of the judgment was in fact a release to the judgment debtors, and therefore void. The acts testified to by the witnesses and the fraudulent transfer formed links in the chain of evidence which established the fraud alleged in the petition. If the order of transfer can be given the dignity of a judgment, this was a direct proceeding to cancel, and proof aliunde the record was admissible.

We conclude that there is no merit in the remaining assignments of error, and that it will not be necessary to discuss them.

The judgment of the District Court is affirmed, except in so far as it declared and foreclosed a judgment lien on the land described therein and provided for an order of sale, and as to that portion of it, it is reversed and the cause remanded to be tried on that issue alone.

### ON MOTION FOR REHEARING.

A reconsideration of the statement of facts changes the opinion of the court as to the propriety of the peremptory instruction to the jury to find for appellees. There is some testimony, unsatisfactory though it may appear, to the effect that Walker was acting for himself in buying the judgment and the issue should have been submitted to the jury. We conclude, therefore, that the whole judgment should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*