## SOUTHERN ICE & UTILITIES CO. v. RICHARDSON et al.
### No. 1104.

Court of Civil Appeals of Texas. Eastland.
April 21, 1933.

Rehearing Denied May 19, 1933.

W. B. Handley and C. J. Shaeffer, both of Dallas, for appellant.

Grisham, Patterson & Grisham, of Eastland, for appellees.

HICKMAN, Chief Justice.

The appeal is from a judgment in favor of appellees Mrs. Myrtle Richardson and husband, E. Richardson, against appellant Southern Ice & Utilities Company for $1,250 damages for personal injuries sustained by Mrs. Richardson in an automobile accident on the Bankhead highway between the towns of Eastland and Ranger. The case is briefed under seventeen propositions or points, and they will be considered in their order.

■ The first point is, in substance, that a request for peremptory instruction in appellant's favor made at the conclusion of the testimony should have been granted, because the uncontroverted evidence shows conclusively the absence of any actionable negligence on its part. The issue of negligence submitted to the jury was as follows: "Do you find from a preponderance of the evidence that the parking of defendant's car on the highway at the time and place in question was negligence?"

The jury found that it was, and that such negligence was a proximate cause of the injuries sustained by Mrs. Richardson. The collision occurred under the following circumstances:

Appellant's driver was proceeding east during a rainstorm. He began having some trouble with his car, probably caused by the rain, and it finally "went dead" on him. There was a shoulder to the right of the pavement from 6 to 8 feet wide, sodded with Bermuda grass. The shoulder was wet and slippery, but not so boggy as that he could not have safely run his car onto it. When the car "went dead," he left it standing on the paved portion of the highway. It was a light Ford coupé, and could have been pushed off on to the shoulder. The evidence would support the conclusion that, after the car began to stop, the driver could have turned to the right and parked same on the shoulder, or at least could have parked it so that the right-hand wheels would have been on the shoulder. After his car stalled, he began hailing passing motorists to send word in to headquarters for assistance. He succeeded in stopping one of the passing motorists and sent in the message by him, after which he sat in the seat of his car, parked on the highway, until the accident occurred. Appellees were driving from Eastland to Ranger at the rate of from 30 to 35 miles an hour, in a Chevrolet coach. For 3 or 4 miles they had been following at a distance varying from 25 to 100 feet a Ford car driven by J. W. Garner, the two cars maintaining the same average speed. On account of the rainstorm, Garner's vision was obscured, and he did not discover appellant's car parked on the highway until he was close upon it. Other vehicles were traveling in the opposite direction at that time, rendering it impossible for Garner to pass appellant's car to the left. He thereupon immediately applied his brakes, and was able to bring his car to a stop before colliding with the car of appellant. He had no time in the emergency to lower his window and signal to the appellees. At that time appellees' car was about 40 feet behind Garner's. As soon as they discovered that the latter had suddenly stopped, appellee E. Richardson, the driver, immediately applied his brakes, throwing his car into a skid on the wet pavement. On account of the approach of traffic from the opposite direction, he could not turn to the left. He sought to avoid a collision by turning to the right on to the shoulder, but was unable to clear the Garner car. The left fender of his car struck the Garner car, as a result of which Mrs. Richardson was thrown from her seat against the front end or side of her car, and the injuries complained of were inflicted.

The jury found that the action of the driver of appellant's car in parking same on the highway, under all the facts and circumstances, was negligence. A very dangerous situation was created when that car was left parked on the highway during a rainstorm, and we cannot say, as a matter of law, that the driver owed no duty to park on the shoulder instead of on the pavement. This was a question for the jury to determine in the light of all the circumstances, and point No. 1 is overruled.

■ The second point complains of the action of the trial court in overruling appellant's plea of misjoinder of Mrs. Richardson and its special exception to the petition on account of her being joined as a party plaintiff. In the case of T. C. Ry. Co. v. Burnett, 61 Tex. 638, it was held to be reversible error to overrule a special exception to the joinder of the wife in an action for personal injuries suffered by her during marriage. An examination of the authorities has led us to the conclusion that the decision in that case has never been followed, but that it has been practically overruled as an authority. In the case of Texas & Pacific Railway Co. v. Gwaltney, 2 Willson, Civ. Cas. Ct. App. § 684, page 602, the court, in speaking of the Burnett Case, states: "That case has been greatly modified, if not practically overruled, by the recent decision of our supreme court in the case of the San Antonio Street Ry. Co. v. Helm et ux. [64 Tex. 147], decided May 8, 1885, in which it is held that it is only in rare exceptional cases that the joinder of the wife in such causes of action would be such error as that the overruling of the special exception, based on that ground, would cause a reversal of the judgment."

The Helm Case there referred to is reported in 64 Tex. 147.

In the case of Lee v. Turner, 71 Tex. 264, 265, 9 S. W. 149, 150, it is said: "Our courts have held that such joinder, though improper, is not reversible error. [San Antonio St.]

Ry. Co. v. Helm, 64 Tex. 147, 149. The husband can sue alone, and it is the better practice."

Speer on Law of Marital Rights (3d Ed.) § 513, p. 628, states that such joinder is not reversible error, unless special injury be shown. Many of the Texas cases are there collated bearing upon the question. An examination of these authorities leads us to the conclusion that a case will not be reversed alone upon the improper joinder of a wife as a party plaintiff in an action for personal injuries suffered by her.

Points 3 to 8, inclusive, present the question that appellees' pleadings and the evidence convicted appellee E. Richardson, the driver of his car, of contributory negligence as a matter of law. It is claimed that he was guilty of contributory negligence in one or all of the following particulars: (1) In driving his car at such rate of speed as that he was unable to stop same within the distance between him and the Garner car; (2) in driving in such close proximity to the preceding car under the existing conditions; (3) in failing to observe the red stop light of the preceding car which appeared when the brakes were applied; and (4) in failing to have his car under control. These various grounds of contributory negligence were submitted to the jury and found in favor of appellees. Appellant likens the situation existing on account of the blinding effect of the rain to that which exists at night, and invokes the rule which has been declared in different jurisdictions that it is negligence as a matter of law to drive an automobile on a public highway in the dark at such speed that it cannot be stopped within the distance in which objects can be seen ahead of it. This question and kindred questions bearing on the issue of contributory negligence on the part of a driver of an automobile are fully annotated in A. L. R. in the following volumes: 28 A. L. R. 952; 37 A. L. R. 587; 44 A. L. R. 1403; 58 A. L. R. 1493; 61 A. L. R. 1115; 73 A. L. R. 1020. These annotations disclose a conflict in the decisions from the different jurisdictions. The rule above announced appears to have received some sanction in the case of Jones v. Sunshine Grocery & Market (Tex. Civ. App.) 236 S. W. 614. We can see no justification for laying down any particular ironclad rule to govern in the case of the driver of an automobile at night. That is a legislative function. Certainly no rule should be laid down which would not take into consideration the sudden and unexpected appearance of an object or obstruction on the highway. But we do not have that exact question before us. Our question is this: Is it negligence, as a matter of law, to drive an automobile on a paved highway in the daylight during a rain at the rate of 30 to 35 miles an hour within 40 feet of another automobile proceeding in the same direction at the same rate of speed? The only correct standard of measurement is that the driver must use that degree of care and caution which an ordinary prudent person would exercise under the same or similar circumstances. The jury has said that he conformed to that standard, and we would not be authorized to hold, as a matter of law, that he did not.

Point 9 calls into question the correctness of the definition of "proximate cause" as contained in the court's charge. That definition was as follows: "By the term 'proximate cause' is meant the efficient and producing cause but for which the injury would not have happened and which could have been reasonably foreseen as causing the injuries complained of or some similar injury."

Timely objection was made to this definition as follows: "Defendant objects to the definition of the term 'proximate cause' for the reason that the element of independent intervening cause is not included therein, and further, for the reason that the definition given assumes injury. Defendant further objects to the definition given for the reason that it fails to include the element of continuity of the particular event in a continuous and natural sequence."

The definition given is practically the same as that considered by this court in the cases of West Texas Coaches, Inc., v. Madi (Tex. Civ. App.) 15 S.W.(2d) 170, and Texas & Pacific Railway Co. v. Bufkin (Tex. Civ. App.) 46 S.W.(2d) 714. Our opinion in the Madi Case was affirmed by the Supreme Court in 26 S.W.(2d) 199, and has been followed in recent decisions. We do not believe that the evidence, considered as a whole, fairly raised the issue that there was any new and independent cause, as that term is defined in Jones v. George, 61 Tex. 345, 48 Am. Rep. 280, intervening between appellant's negligence and the injuries.

Point 11 complains of the court's definition of "unavoidable accident." The definition was as follows: "You are further charged that the term 'unavoidable accident' means that the injuries or damages, if any, sustained by Myrtle Richardson are not proximately caused by any negligence of commission or omission on the part of either party to the suit."

The objection to the definition was in this language: "Defendant objects to the definition of the term 'unavoidable accident' because the definition given assumes injury and has reference to injuries or damages when, as a matter of law, the same should have reference to the occurrence of the particular collision involved."

No authority is cited in support of the contention made under this point. We do not think the exception is well taken.

311

■ Point 12 presents a rather novel question. In connection with the issue submitting "unavoidable accident," the court instructed the jury as follows: "In this connection you are charged that the burden of proof is upon the plaintiff to establish the negative of the above and foregoing issue by a preponderance of the evidence."

It is not claimed that the burden of proof was placed on the wrong party, but the claim is that it was the duty of the court so to frame the issue as that no direct charge on the burden of proof would have been required. All other issues were submitted in this form: "Do you find from a preponderance of the evidence? * * *" We think the court had justifiable ground for choosing to submit this particular issue in this manner. It is difficult, if not impossible, to frame an issue on "unavoidable accident" so as properly to place the burden of proof without making such issue a negative submission. Much confusion results from attempts to do so, and juries frequently misunderstand the actual question submitted. No possible harm, in our opinion, could have resulted to appellant from this alleged irregularity.

■ Points 13 and 14 present that there is no evidence that appellee Mrs. Richardson suffered any injuries as alleged, and that a peremptory instruction should have been given in appellant's favor on that account. Appellees recovered for only one element of damages, pain suffered by Mrs. Richardson. According to her evidence, the collision was the producing cause of a miscarriage, the effect of which was a great deal of physical pain and suffering, not only at that time, but subsequently at intervals. No physician testified, and there is no expert testimony in the record. It is therefore contended that there is no evidence that the collision produced the results complained of. This was a conclusion which the jury was authorized to deduce from the evidence independent of any expert testimony. Expert testimony is not required, and, when given, may be disregarded by the jury. Texas Indemnity Ins. Co. v. Preslar (Tex. Civ. App.) 298 S. W. 666.

■ Point 15 presents that "a verdict of $1,250.00 is so large as to indicate passion, vice and prejudice on the part of the jury and should be set aside." We overrule this contention. If appellees' testimony is to be believed, and we would not be warranted in disbelieving it, the recovery is not excessive.

■ Points 16 and 17 complain of the argument of counsel. The bill of exceptions discloses that in his closing argument to the jury appellees' attorney used the following language: "Gentlemen, I say that this is a case that should require the attention of a jury of Eastland County. I say the striking down of a human life, even in its inception, is something that should address itself to the intelligent minds of this jury of twelve men. How would you feel about it if it was your wife and under the circumstances?" The bill was qualified by the trial judge as follows: "Defendants' attorney used, in substance, this language in argument before the jury: 'This case ought to be before a justice court and not before a jury in district court.'"

No exception was taken to the argument at the time it was made, but the question was presented for the first time in motion for new trial. We do not regard the first part of this argument as being of such prejudicial nature as that it may be taken advantage of for the first time in the motion for new trial, even conceding that it was improper. The general rule is that exceptions to improper argument should be taken at the time it is made. There is an exception to this general rule. We followed the exception in Nicholson v. Nicholson (Tex. Civ. App.) 22 S.W.(2d) 514; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169, and Humble Oil & Refining Co. v. Butler (Tex. Civ. App.) 46 S.W.(2d) 1043. The argument above quoted does not fall within the exception. 3 Tex. Jur. § 147, pp. 222, 224.

The closing part of the argument calls upon the jurors to place themselves in the position of the appellees. It is complained that such request called upon them to abandon their unbiased attitude and look at the case from the prejudiced viewpoint of one of the parties. It has been several times held by this and other courts that such argument is improper, but in the recent case of Rio Grande, etc., Ry. Co. v. Dupree, 55 S.W.(2d) 522, the Commission of Appeals seems to commend it as an appeal to a very high standard of conduct, citing as authority Matthew 7:12. The opinion does not refer to the cases condemning this character of argument, but we take it that they are no longer to be regarded as authority. Following the opinion in the last-named case, this point is overruled.

We have considered all the points presented, and, as none of them have been sustained, it follows that, in our opinion, the judgment of the trial court should be affirmed. It is accordingly so ordered.