**BEVERLY et al. v. SIEGEL et al.**

No. 3814.

Court of Civil Appeals of Texas. Amarillo.

May 11, 1932.

Rehearing Denied July 6, 1932.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellants.

James O. Cade, of Amarillo; for appellees.

HALL, C. J.

This action was filed by Joe W. Siegel and his wife, Ruth A. Siegel, to recover damages on account of personal injuries to Mrs. Siegel resulting from a collision of their automobile with one driven by Mrs. Florence Beverly.

The car which Mrs. Beverly was driving was owned by Coe & Parks Lumber Company, but no judgment was awarded against the company. The American Indemnity Company was made defendant by allegations to the effect that it had issued a policy to Coe & Parks Lumber Company, the owner of the car which was being operated by Mrs. Beverly, and that under the terms of said policy said indemnity company was liable directly to any person injured by reason of the negligence of the driver of such car. H. M. Beverly, the husband of Mrs. Florence Beverly, was also made a party, but no judgment was rendered against him.

It is alleged that prior to and at the time of the injuries Mrs. Siegel was driving north on Ong street in the city of Amarillo, at not more than twenty miles per hour; that as she approached the intersection of said street with Wolflin avenue, which runs east and west, she slowed down, and, after looking to the right and left, and seeing no car near said intersection, proceeded to cross Wolflin avenue; that, just as she was passing out of the intersection, Mrs. Beverly, coming from the east, struck plaintiff's car, turning it over and seriously injuring the plaintiff. Plaintiff charges that the injuries were due entirely to the negligence of Mrs. Beverly in failing to properly slow down on approaching Ong street and in coming into the intersection at a terrific rate of speed, and that such negligence was the proximate cause of the injuries. Plaintiff claims $5,000 damages in behalf of her husband and $15,000 for herself, and prayed for a recovery against the indemnity company in behalf of both plaintiffs in the sum of $5,000, the amount of the policy.

In addition to a plea in abatement, the defendants alleged that Mrs. Siegel was guilty of contributory negligence which, if not the sole cause, was the proximate cause, of the injuries; that at the time of the injury the traffic east and west on Wolflin avenue was rather heavy, and it was the duty of Mrs. Siegel, upon approaching the intersection, to exercise reasonable care to avoid colliding with cars traveling on said intersecting street; that it was her duty to keep a proper lookout, especially for cars approaching from the east, and to operate her car slowly so as to have it under control and be able to stop, if there was any danger of colliding with any car on the intersecting street. The defendants further set up the terms of an ordinance of Amarillo, providing that the operator of a vehicle approaching the intersection of a public highway shall yield the right of way to vehicles approaching such intersection from the right of such first named vehicle; that immediately before the accident it was the duty of Mrs. Siegel to ascertain if any cars were approaching from her right, and, if so, to yield the right of way at the intersection to such approaching car; that, if she had kept a proper lookout, she would have discovered Mrs. Beverly approaching from the east, and, had she complied with said ordinance, she would have yielded the right of way to Mrs. Beverly, and a failure to do so was negligence contributing to the injuries. Defendants also charged that Mrs. Siegel was driving her car at an excessive rate of speed.

In response to special issues, the jury found as follows:

Special Issue No. 1 (a). We find from a preponderance of the evidence that on the occasion of the collision, and immediately prior thereto, Mrs. Beverly was driving her car at a rate of speed which was excessive under the circumstances; (b) we find from the preponderance of the evidence that the driving of such car at such excessive rate of speed was negligence on the part of Mrs. Beverly; (c) that such negligence was the proximate cause of the injuries sustained by plaintiff.

Special Issue No. 2 (a). We do not find that Mrs. Siegel failed to keep a proper lookout for other cars as she entered the intersection of Ong street and Wolflin avenue.

Special Issue No. 3. We do not find from a preponderance of the evidence that Mrs. Siegel entered the intersection of the two streets at an excessive rate of speed under the circumstances.

Special Issue No. 4. Under the circumstances as they existed on the occasion of the collision in question, Mrs. Siegel had the

right of way at the intersection of Wolflin avenue and Ong street.

Special Issue No. 5. The injuries sustained by Mrs. Siegel were not the result of an accident.

Special Issue No. 6. We find from a preponderance of the evidence that the plaintiffs were damaged as a result of the injuries received by Mrs. Siegel in the sum of $2,500.

Judgment was entered accordingly.

By their first proposition the appellants insist that, because the evidence showed that Mrs. Siegel and Mrs. Beverly reached the intersection at approximately the same time, it was a jury issue whether a reasonably prudent person, situated as the plaintiff was, would have yielded the right of way to Mrs. Beverly, and that the court erred in not submitting defendant's specially requested issue No. 1-a presenting that question.

The specially requested issue inquired whether at the time and place of the accident in question a reasonably prudent person, situated as was the plaintiff Ruth A. Siegel, would have yielded the right of way to the defendant Mrs. Beverly. By subdivision (b) of this issue the inquiry was whether the failure, if any, of Mrs. Siegel to yield the right of way to Mrs. Beverly was not the sole proximate cause of the injuries, if any, sustained by plaintiff and is supplemented by this charge: "In this connection you are charged that the burden is on the plaintiff to establish by a preponderance of the evidence the negative of subdivision (a) and the affirmative of subdivision (b) of this issue."

This charge is affirmatively erroneous. The act of Mrs. Siegel in not yielding the right of way was set up by the defendant as contributory negligence, and was a part of the defendants' affirmative defense. The burden is upon the party holding the affirmative of an issue to prove it.

The proposition cannot be considered, because, as said in Speer's Law of Special Issues, § 253:

"The request is to be acted upon by the court in the manner and form presented. That is, the request as such is to be granted or refused and the charge or issue given as submitted—'as is.' If, therefore, the request contains aught that is improper to be given, the request as made—that is, as a whole—should be refused; for the court can never be put in error for refusing a charge, the giving of which would itself be error. It is no matter how important may be a part or even the major part, if there be any error, all must be refused. A little leaven of vice leavens the whole lump."

No error is shown by the refusal of the court to give the requested instruction.

What is here said also disposes of the second, third, and fourth propositions.

By the fifth proposition, the appellant insists that, because the recovery, if any, in favor of Siegel and wife was by force of law community property, Mrs. Siegel was an improper party, and therefore the court erred in overruling the defendants' special exception urged to the petition, because Mrs. Siegel was named as a party plaintiff therein.

It is true, as asserted by appellant, that the Supreme Court in Texas Central Ry. Co. v. Burnett, 61 Tex. 638, sustained a general demurrer to a petition of this character, but later in the case of San Antonio St. Ry. Co. v. Helm & Wife, 64 Tex. 147, 149, the Supreme Court said:

"In actions to recover money which will be community property when realized, the wife is not ordinarily a necessary or proper party; but in this case no objection was taken to her joinder with her husband as a plaintiff, and it cannot be raised here for the first time. No injury results to the appellant from the rendition of a judgment in favor of the husband and wife. In T. C. Ry. Co. v. Burnett and Wife, 61 Tex. 639, in an action similar to the present, it was held that the joinder of the husband and wife as plaintiffs was error, and that, for the action of the court below in overruling an exception based on such misjoinder, a judgment subsequently rendered in the case should be reversed. It is not for every erroneous ruling that a judgment should be reversed; but this should be done only in those cases in which the opposite party has probably been injured thereby. In suits of the character of the present we are of the opinion that a judgment in favor of a husband and wife does not ordinarily operate to the prejudice of the defendant against whom it is rendered. Such a judgment is as complete a bar against any claim which might subsequently be set up by the husband or wife as would be a judgment rendered in a cause in which the husband was sole plaintiff."

No injury is shown to have resulted to the appellants in this case by reason of the fact that Mrs. Siegel was joined as plaintiff, and, since the Supreme Court has practically set aside the ruling in the Burnett Case, it follows that this proposition is without merit, and it is overruled, notwithstanding the fact that there is no statute in Texas directly controlling the matter.

By the sixth proposition appellant contends that the policy of insurance issued by the defendant Indemnity Company to Coe & Parks shows on its face that it is only a policy of indemnity and not a liability policy, and that no cause of action could be maintained under said policy until judgment should have been first obtained against the assured, and therefore the court erred in admitting the policy in evidence.

■ It will be observed that the only error assigned is in admitting the policy in evidence. Of course, other errors, if any, are waived. The proposition recites that the policy is one of indemnity rather than liability, and that no cause of action could be maintained under it until judgment was first entered against the assured. We cannot pass upon these questions, because there is no assignment properly presenting them in this court, but, if they could be considered, we are strongly inclined to the opinion that it is a liability policy and that a recovery against the assured by the injured party is not a condition precedent to the right to maintain this suit. See American Fidelity & Casualty Co. v. Williams (Tex. Civ. App.) 34 S.W.(2d) 396, and authorities cited; Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423; American Auto Ins. Co. v. Struwe (Tex. Civ. App.) 218 S. W. 534; Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662; Lake v. Texas News Co. (D. C.) 51 F.(2d) 862; 5 Tex. Jur. 662.

■ We do not, however, decide those issues. There is no assignment or proposition asserting error in the court's action in overruling defendants' exception No. 4, which challenged the sufficiency of the allegations of the petition to make the indemnity company a party, nor is there any error assigned upon the court's action in overruling the plea which sought to abate the suit as to the indemnity company because of a misjoinder or that the action had been prematurely instituted. In order to command consideration, these errors must be specifically and separately assigned. The order overruling the plea in abatement recites that the court heard the evidence. This evidence is not in the record. In the absence of assignments and evidence, the presumption obtains that the indemnity company is properly joined as a defendant, and that the suit has not been prematurely instituted. The objection to the introduction of the policy that it was "not shown that such a contingency has arisen as justifies a suit on the policy at this time," not being specifically assigned, cannot be considered, and, as stated, the presumption is the other way. R. S. amended art. 1757, subds. 2 and 4 (Acts 42d Leg. [1931] c. 45, § 1 [Vernon's Ann. Civ. St. art. 1757, subds. 2, 4]). If plaintiffs' suit were prematurely filed in the trial court, this fact should have been specifically pleaded in the court below and errors assigned to the action of the court in overruling it. Greenwall v. Ligon (Tex. Com. App.) 14 S.W.(2d) 829; Love v. Austin Bridge Co. (Tex. Civ. App.) 5 S.W. (2d) 570; Hankins v. Minchew (Tex. Com. App.) 285 S. W. 264. The error assigned to the effect that the court erred in admitting the policy in evidence must be overruled. Appellees' action against the indemnity company was based primarily upon the policy, and the company's defense was predicated upon one stipulation in it, so it was necessarily admissible in behalf of either party. The policy was offered in evidence in its entirety and objected to as a whole. Since, under the order of the court overruling the plea in abatement, the indemnity company must be held to be a proper party and the policy was admissible generally, a general objection was properly overruled. The rule is settled that, when documentary evidence is offered as a whole, and part of it is admissible, and there is no request to exclude any particular part thereof as being inadmissible, but the objection is general, it is not reversible error to admit it. Panhandle & S. F. R. Co. v. Cowan (Tex. Civ. App.) 243 S. W. 912.

There is no assignment challenging the insufficiency of the evidence to support the judgment, but, if we were required to decide that question, we would hold that, under the policy with its ambiguous and conflicting provisions, it should be construed as a liability rather than an indemnity contract, and that a recovery upon it in this case was proper.

We find no reversible error in the record, and the judgment is affirmed.