**PAUL et al. v. DUTTON.**

No. 2291.

Court of Civil Appeals of Texas. Beaumont.

Dec. 15, 1932.

Rehearing Denied Dec. 21, 1932.

Barnes & Barnes, of Beaumont, for appellants.

Combs & McFaddin, of Beaumont, for appellee.

WALKER, C. J.

This suit was filed by appellee, M. R. Dutton, against J. W. Paul, Jr., and appellant American Fidelity & Casualty Company. The appeal is from the order of the district court of Jefferson county, overruling appellants' plea of privilege, praying that the cause of action as to it be transferred to Dallas county. The allegations of appellee's petition were as follows: On or about the 30th day of December, 1930, J. W. Paul, Jr., was the owner and operator of a motor transportation business, operating under a class B motor carrier permit, and appellant was his insurer, in compliance with the provisions of chapter 314, General and Special Laws of the 41st Legislature, 1929 (see Vernon's Ann. Civ. St. art. 911b, and Vernon's Ann. P. C. art. 1690b); appellant was a foreign corporation, with an agent in Dallas county upon whom service could be had; on the said 30th day of December, 1930, one of Paul's trucks, through the negligence of his driver, collided with appellee's automobile, damaging the automobile, under circumstances constituting a trespass; the prayer was for a joint and several judgment in the sum of $1,500 against Paul and appellant. Appellant's plea of privilege was filed the 21st of December, 1931. The July-December term of district court of

Jefferson county adjourned the 31st of December, 1931. Appellee's controverting affidavit was filed the 4th day of January, 1932. The court's trial docket showed the following orders made on the plea of privilege:

"12/2/31 Plea of privilege filed and it and all other pleas passed without prejudice.

"1/11/32 Hearing on controverting affidavit and plea of privilege set for hearing Feb. 5th, 1932.

"2/5/32 Defendant through its attorney appeared on plea of privilege. Hearing passed without prejudice.

"2/12th/32 Both sides appeared, Deft. claiming that they had not received the necessary notice, the Court without prejudice to said plea hereby passes and sets the hearing of said plea and controverting affidavit until 9 A. M. Feb. 26/32."

(The docket entry to the effect that the plea of privilege was filed on the 2d of December, 1931, was error, the plea being filed on the 21st of December, 1931, the agreed appearance day for the purpose of filing the plea of privilege.) The plea of privilege came on for hearing on the 27th day of February, 1932, when appellee offered proof in support of his controverting affidavit. When appellee began the introduction of his testimony, appellant interposed the following general objection: "Mr. Barnes: Your Honor, I am going to object to any questions along the trial of this lawsuit at this time, because it is immaterial and irrelevant; the plea of privilege being based on the pleadings, and not on the evidence in the case, as far as the plea of privilege is concerned the evidence as stated in the pleadings is all considered as true, and therefore it is immaterial and irrelevant, uselessly encumbering the record. The plea of privilege is based on the pleadings and not on the proof." The evidence introduced by appellee raised the issues that Paul's driver was guilty of negligence in Jefferson county, Tex., which proximately resulted in the damage to appellee's car, as the result of a collision of his truck with appellee's automobile; that Paul was operating his truck under a permit from the Railroad Commission, as pleaded by appellee; and that appellant was his insurer. Upon conclusion of the evidence, judgment was entered overruling the plea of privilege.

Opinion.

Appellant makes the following assignments against the legal sufficiency of the controverting affidavit: (a) The failure of the court to set the controverting affidavit for hearing within thirty days after it was filed on January 4, 1932, rendered it functus officio; (b) the failure to have the order of postponement made "by agreement of the parties" rendered the postponement without legal effect and

made the controverting affidavit functus officio; (c) the plea of privilege was filed on the 21st of December, 1931, and as no controverting affidavit was filed to that term, which adjourned on the 31st of December, 1931, the trial court lost jurisdiction, on adjournment of that term of court, to entertain the contest to the plea of privilege. These contentions are all overruled.

■■ Article 2092, subdivision 14, R. S. 1925, governing appellee's plea of privilege, is as follows: "14. Pleas of privilege.—Pleas of privilege shall be filed at or before the time the defendant is required to answer and a contest thereof if any, shall be filed within twenty days after the appearance day, and if a contest is filed, the same shall, when filed, be set for hearing by the court, within not exceeding thirty days after being filed and shall be determined by the court within not exceeding ten days after the date for which the same is set unless postponed or continued without prejudice, by order or leave of the court, by agreement of the parties, and shall not be postponed longer than sixty days after being filed unless by order of the court entered by agreement of the parties." The controverting affidavit was filed within the twenty days allowed by subdivision 14, which was sufficient to confer jurisdiction upon the trial court to hear it on its merits. It was not reasonably probable that appellee could have filed his controverting affidavit and given appellant the ten days' statutory notice between the date of filing the plea of privilege and the adjournment of court. But we do not care to rest our conclusion on this point upon a fact issue. Under the practice act, being article 2092, R. S. 1925, governing the district court of Jefferson county, of which subdivision 14 copied above is a part, the trial court does not necessarily lose jurisdiction of all pending business merely because of the adjournment of court. Subdivision 14 expressly gives twenty days from the filing of the plea of privilege in which to file the controverting affidavit, and, there being nothing in the practice act to the effect that the adjournment of court will shorten this period of twenty days, we think the plea of privilege remained on the docket when court adjourned and was carried, by force of law, into the next term of court as unfinished business, within the court's jurisdiction. We think this conclusion necessarily follows from the following provisions of subdivision 28 of article 2092: "No motion for new trial or other motion or plea shall be considered as waived or overruled, because not acted on at the term of court at which it was filed, but may be acted on at the succeeding term or at any time which the judge may fix or to which it may have been postponed or continued by agreement of the parties with leave of the court." The general provisions of other portions of subdivision 28, regulating the filing of motions for new trial, are strikingly similar to subdivision 14, regulating the disposition of pleas of privilege and controverting affidavits. The construction given by the Supreme Court to these provisions of subdivision 28 in Nevitt v. Wilson, 116 Tex. 29, 285 S. W. 1079, 48 A. L. R. 355, supports our construction of subdivision 14.

■■ Answering appellants' propositions (a) and (b), we agree with appellee that the provisions of subdivision 14, article 2092, regulating the settings and hearings on pleas of privilege and controverting affidavits, are directory only and not jurisdictional in the sense contended for by appellant, that is, that the failure to make the settings in accordance with subdivision 14 deprives the court of jurisdiction to hear and determine the contest, and that the court has no power, where the settings are not made in strict accordance with subdivision 14, except to sustain the plea and transfer the case in accordance with its prayer. As we understand Fitzgerald v. Browning-Ferris Machine Co. (Tex. Civ. App.) 49 S.W.(2d) 489, with the other authorities cited therein, it directly supports appellee's counter proposition. It necessarily follows that where the trial court acquires jurisdiction of a plea of privilege and controverting affidavit, as we hold it did in this case, such jurisdiction remains in the court until the court, by affirmative action, surrenders that jurisdiction. Texas Louisiana Power Co. v. Wells (Tex. Com. App.) 48 S.W.(2d) 978; Watson v. Cobb Grain Co. (Tex. Com. App.) 292 S. W. 174; Brown Cracker & Candy Co. v. Jensen (Tex. Civ. App.) 32 S.W.(2d) 227; Yates v. State (Tex. Civ. App.) 3 S.W. (2d) 114; Humble Pipe Line Co. v. Kincaid (Tex. Civ. App.) 19 S.W.(2d) 144; Old v. Clark (Tex. Civ. App.) 271 S. W. 183.

We think appellant's propositions should be overruled for the following additional reasons: The controverting affidavit was disposed of within the sixty days allowed by subdivision 14, copied above. In construing similar provisions of subdivision 28, cited above, Judge Cureton, speaking for the Supreme Court, in Townes v. Lattimore, 114 Tex. 511, 272 S. W. 435, 436, said: "It is obvious that, under the statute, the trial court had jurisdiction of the subject-matter of this suit for a period of at least 45 days after the original motion was filed." If the forty-five day provision of subdivision 28 gave the trial court jurisdiction to hear and determine motions for new trial within the forty-five days, clearly the trial court retained its jurisdiction over the plea of privilege for the sixty days allowed by subdivision 14.

But independent of all we have said on this issue, on the record as presented here, the trial court had jurisdiction to rule upon the merits of the plea of privilege. No evidence was offered explaining the docket entries copied above except as to the correction

of the first entry. Appellant concedes that the trial court had jurisdiction "by agreement of the parties" to postpone the hearing on the plea of privilege from time to time. In the absence of evidence to the contrary, if this conclusion is necessary to validate the orders of postponement and to support the jurisdiction of the court to enter its judgment on the date named in the postponement, the "agreement of the parties" will be presumed. This follows because the postponement was made "without prejudice." Otherwise, the postponement would not have been "without prejudice" but to the prejudice of appellee by the loss of his contest.

■ We overrule appellee's contention that appellant waived all objections to the venue in Jefferson county by reason of the exceptions copied above, reserved by it upon the beginning of the hearing on the controverting affidavit. The court was not induced by these exceptions to render judgment merely upon the pleadings, but the exceptions were overruled and the issues were determined on their merits.

■ Appellant's fourth proposition is as follows: "There being no evidence in this record, not even a scintilla of evidence, that the appellant, American Fidelity & Casualty Company, was the insurer of the car in question, and there being no evidence in this record whatsoever that said appellant had an office or an agent in Jefferson County, Texas, and the evidence being undisputed to the effect that the policy in question merely obligates said appellant to indemnify and save harmless the appellant, Paul, then said appellant, American Fidelity & Casualty Company, was not a proper party defendant in this suit, and the plea of privilege filed by said appellant herein ought to have been sustained." These contentions are overruled. Appellant correctly asserts that Paul's truck involved in this litigation was not named in the face of the policy sued upon. But the evidence showed that this truck was used by him in the conduct and operation of his motor transfer business, as conducted by him under authority of the certificate of convenience and necessity issued to him by the Railroad Commission. The policy contained the following provision, which brought this truck within its coverage: "Coverage hereunder applies to all motor vehicles, trucks and/or trailers belonging to, or operated by, or under the direction of the assured, whether particularly identified in this policy or not, while same are being used in the business of carrying property for hire or compensation and coming within the terms of the Statutes (above referred to) whether such vehicles are used in a Class 'A' operation or a Class 'B' operation, anything in the policy to the contrary notwithstanding." These facts raise the issue that appellant was the insurer of the truck involved in the collision in controversy.

■ On authority of Monzingo v. Jones (Tex. Civ. App.) 34 S.W.(2d) 662, we overrule appellant's contention that it was not a proper party to this action. That case rested upon our construction of the provisions of section 11, article 911a, Vernon's Complete Texas Statutes, 1928 (Vernon's Ann. Civ. St. art. 911a, § 11). The policy in issue herein was issued under authority of section 13, article 911b, Complete Texas Statutes (see Vernon's Ann. Civ. St. art. 911b, § 13), which in its material provisions, is similar to section 11, article 911a. The Monzingo Case was decided by us on authority of American Automobile Insurance Co. v. Cone (Tex. Civ. App.) 257 S.W. 961, and Texas Landscape Co. v. Longoria (Tex. Civ. App.) 30 S.W.(2d) 423. See, also, Kuntz v. Spence (Tex. Civ. App.) 48 S.W.(2d) 513, and the following additional cases which cite the Monzingo Case: Beverly v. Siegel (Tex. Civ. App.) 51 S.W.(2d) 743; Ten-Cate v. First Nat'l Bank of Decatur (Tex. Civ. App.) 52 S.W.(2d) 323; Lake v. Texas News Co. (D. C.) 51 F.(2d) 862; Haenni v. Craven (D. C.) 56 F.(2d) 261.

■ Not only was appellant a proper party to appellee's cause of action against Paul, but the venue as to it was properly laid in Jefferson county, though there was no evidence to the effect that it had a local agent in Jefferson county at the time of the collision. The law under which the policy of insurance in question was issued to Paul and the terms of the policy itself, as we construed the law and similar insurance contracts in the Monzingo Case, supra, created a primary liability in favor of appellee against appellant for the damages suffered by him proximately resulting from the collision in issue, which admittedly occurred in Jefferson county. It follows that appellee's cause of action against appellant for the damages thus sustained by him arose in Jefferson county. On this statement, the venue as to appellant, a corporation, was properly laid in Jefferson county under section 23 of article 1995, which confers venue against corporations "in any county in which the cause of action, or a part thereof, arose."

Appellee also relies upon section 29a of article 1995, Acts 40th Legislature (Vernon's Ann. Civ. St. art. 1995, § 29a), to sustain his venue. This section reads as follows: "(Two or more defendants.) Whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto. Effective 90 days after June 7, 1927, date of adjournment." We do not rest our judgment upon this section of article 1995 because of conflicts existing in the opinions of the Courts of Civil Appeals as to its proper construction. These conflicts, in

**610**

part, were certified to the Supreme Court by the San Antonio Court of Civil Appeals in Commonwealth Bank & Trust Co. v. Heid Bros., 52 S.W.(2d) 74, 76, opinion by Judge Critz. In answering the questions propounded by the court's certificate in that case, Judge Critz expressly held that it was unnecessary "to express an opinion as to whether 29a has repealed 4" of article 1995. If section 4 was not repealed, then, as appellant was a proper party to this suit, venue could be sustained in Jefferson county under section 4. Again, if the Austin Court of Civil Appeals in Sproles v. Schepps, 26 S.W.(2d) 922, 923, properly construed the term "necessary parties," as used in section 29a, to mean a joinder of parties "as necessary to prevent a multiplicity of actions," venue could be sustained under section 29a; but if necessary parties should be construed as the Amarillo court construed it in Umberson v. Krueger, 49 S.W.(2d) 528, 529, as "one so vitally interested in the matter that a valid decree cannot be rendered without his presence," then venue could not be sustained under section 29a. In the case cited from the Amarillo court, it merely adopted the definition of "necessary party," given by the Commission of Appeals in Adams v. Bankers' Life Co. (Tex. Com. App.) 36 S.W.(2d) 182. Without citing further authorities to illustrate the conflict in the construction of this section, we merely refer to the citations given in Shepard's Texas Citations where all of them are collated.

For the reasons stated the judgment of the lower court is affirmed.