## DUTTON v. COLLINS.

No. 2586.

Court of Civil Appeals of Texas. Beaumont.
Oct. 18, 1934.

James H. Pipkin and Butler & Pipkin, all of Beaumont, for plaintiff in error.

Barnes & Barnes, of Beaumont, for defendant in error.

WALKER, Chief Justice.

This appeal is by writ of error but the parties will be referred to as appellants and appellees. As between the original parties, this suit was before us on plea of privilege in Paul v. Dutton (Tex. Civ. App.) 55 S.W.(2d) 606. The suit was originally filed in the Fifty-Eighth district court of Jefferson county on October 19, 1931, as shown by the statement made on the former appeal by M. R. Dutton, as plaintiff, against J. W. Paul, Jr., and American Fidelity & Casualty Company, as defendants, to recover damages to his automobile caused by collision between his automobile and Paul's truck. Among other defenses, Paul answered by cross-action against Dutton and his son, M. R. Dutton, Jr., who was the driver of the automobile at the time of the collision, praying for damages to his truck caused by the collision. On the 13th of July, 1932, J. N. Collins, the driver of Paul's truck at the time of the collision, filed his plea of intervention in this cause, with permission of the trial court, naming M. R. Dutton and his son, M. R. Dutton, Jr., as defendants, and praying for judgment against them for the damages suffered by him in the collision. On the 25th of August, 1932, the Duttons filed pleas in abatement against Collins' plea of intervention on the two grounds that it constituted both a misjoinder of parties and a misjoinder of causes of action. On December 17, 1932, Potomac Insurance Company filed its written suggestion to the court that M. R. Dutton had assigned to it his original cause of action against J. W. Paul, Jr., and prayed that it be substituted as plaintiff in the place of M. R. Dutton. This request was in all things granted by the court on the day the suggestion was filed. On the 10th day of February, 1933, the case was called for trial in the lower court and all parties, in the capacities stated herein, appeared and announced ready for trial. Thereupon, the lower court, in all things, sustained the allegations of the plea in abatement filed by the Duttons by the following order:

"It is therefore ordered, adjudged and decreed that the said pleas in abatement filed herein by M. R. Dutton and M. R. Dutton, Jr., defendants in intervention, to the petition of the plaintiff in intervention, J. N. Col-

lins, be, and the same are hereby in all things sustained as to misjoinder of parties and misjoinder of causes of action and the defendants in intervention, M. R. Dutton and M. R. Dutton, Jr., may have their costs in this behalf expended.

"It is further ordered, adjudged and decreed that the suit of the plaintiff in intervention, J. N. Collins, is hereby severed from the suit of Potomac Insurance Company against J. W. Paul and the American Fidelity & Casualty Company, and from the cross-action in said suit of J. W. Paul against M. R. Dutton and M. R. Dutton, Jr."

And by separate order:

"It is therefore ordered, and decreed that said intervention on the part of J. N. Collins, be and the same is hereby severed and made a distinct and separate suit and cause of action, to be numbered 37, 838–A and styled J. N. Collins, plaintiff, vs. M. R. Dutton, et al., defendants.

"It is further decreed that the Clerk of this Court docket the said numbered and styled cause separate and distinct from this suit, and that said cause hereafter be handled as an individual cause of action."

To this judgment of the court the Duttons reserved the following exceptions, with notice of appeal to this court:

"To which action of the court in severing said suit in intervention rather than dismissing same as urged by the defendants in intervention, M. R. Dutton and M. R. Dutton, Jr., the defendants then and there excepted, and in open court gave notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas, sitting at Beaumont, and are hereby allowed all the time permitted by statute in which to have prepared their statement of facts and bills of exception."

The appeal was duly prosecuted and the case is before us now on assignments by the Duttons that the court erred in ordering a severance and separate docketing of the Collins intervention; that, having sustained the plea in abatement, the court had no jurisdiction to enter any order except that the intervention be dismissed; that the order directing that the Collins intervention be docketed as a separate suit was in all things void.

## Opinion.

Appellees' motion to dismiss this appeal must be sustained. The orders appealed from were interlocutory and not the final judgment of the court. A "final judgment" is thus defined by 3 Texas Jurisprudence 111, 112:

"In other words a final judgment is one which expressly or by necessary implication disposes of all issues of fact raised by the pleadings and fully determines the rights and liabilities of all parties with reference to the matters in controversy, thereby precluding further proceedings in the same case and leaving nothing further of a judicial character to be done but to execute the judgment according to its terms.

"Conversely a judgment is not final if it fails to dispose of all parties, all issues, and the entire subject matter of the litigation, as completely as the power of the court permits, or if it leaves open for future determination some issue of law or fact essential to the determination of the controversy, or where no provision is made for the enforcement or execution of the decree."

The orders appealed from possess none of the elements of finality required by the rule thus announced by Texas Jurisprudence.

■ Except where the right is specifically granted by statute, an interlocutory order or judgment will not support an appeal. 3 Tex. Jur. 125. The orders appealed from being merely interlocutory, we are without jurisdiction to review appellants' assignments of error.

■■ Directly in point, our courts uniformly hold that an appeal does not lie from an order dismissing a plea in intervention. 3 Tex. Jur. 137. This case is clearly distinguishable from Noble v. Meyers, by the Supreme Court, 76 Tex. 280, 13 S. W. 229, cited and relied upon by appellants as controlling. In that case the order was not one of dismissal but a final judgment to the effect that the intervener take nothing. On the prayer of appellants the plea of intervention was stricken from this case. If that part of the order directing a severance and that the intervention be separately docketed as a new cause of action was error, being merely interlocutory, it cannot be reviewed on this appeal.

Appeal dismissed.