**STATE FARM MUT. AUTO. INS. CO. v. SCOTT.**

No. 13792.

United States Court of Appeals
Fifth Circuit.

June 24, 1952.

Rehearing Denied July 31, 1952.

Richard H. Switzer, Harry A. Johnson, Jr., Shreveport, La., for appellant.

Jackson B. Davis, Shreveport, La., for appellee.

Before HOLMES, RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

In this suit to recover damages for personal injuries alleged to have been sustained in an automobile accident, appellant, as defendant, suffered an adverse verdict and judgment. In this appeal it assigns error upon the grounds: that the admission in evidence over the objection of appellant of testimony of an injury to the left knee of plaintiff of a different nature and more serious extent than that alleged in the complaint, was erroneous; error in failing to set aside the verdict because of its excessiveness; in failing to set aside the verdict and judgment notwithstanding it upon the ground that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law, and; in refusing to allow counsel to argue to the jury the quantum of awards made in similar cases by the Appellate Courts of Louisiana, and in refusing to charge the jury to the same effect.

The last mentioned point we have discussed and ruled, adversely to the contentions of appellant, in Gillen v. Phoenix Indemnity Co., 5 Cir., 198 F.2d 147.

In his complaint, the appellee alleged that as a result of the collision he sustained a "marked swelling, three one inch lacerations and a sprain of the left knee." In another paragraph he alleged that he suffered additional permanent injuries to his left knee "with the left knee having a ruptured or torn disc", which caused difficulty in raising it. The evidence objected to tended to show that the left knee cap had been fractured, and that a rough under surface remained. It is true that this discloses a more serious injury than alleged. However, it appears that the defendant requested that the plaintiff submit to a physical examination by its physician a few days prior to the trial and that upon this examination the knowledge of the actual extent of the injury became known to such physician. The present Rules of Civil Procedure, 28 U.S.C.A. have abrogated the function of the complaint to state fully and in detail the claims upon which the plaintiff will rely and litigants have the responsibility of limiting such claims by employing the discovery methods so amply available. In any event, the determination of such questions must necessarily rest largely within the discretion of the trial judge. In this case, no prejudice is shown to have resulted to the defendant and the trial Court properly held that, under the circumstances, the evidence was properly admissible.

It can not be said as a matter of law that the verdict finding in favor of the plaintiff for $13,350 is legally excessive. Accordingly, the question of amount and whether in view of it, and any other circumstances of the case, there should have been a new trial or a remittitur was a matter for the determination of the trial Court. Its failure to so order presents no basis for a claim of reversible error here. Atlantic Coast Line R. Co. v. Pidd, 5 Cir., 197 F.2d 153 and citations; Dowell, Inc. v. Jowers, 5 Cir., 182 F.2d 576, and citations.

Upon our examination of the record we conclude that the assignment of error that the evidence shows that the appellee was guilty of negligence which contributed to his injuries, and thus is legally barred from recovery, is not meritorious.

The judgment of the trial Court is Affirmed.