**REDFERN v. COLLINS et al.**

Civ. No. 2376.

United States District Court
E. D. Texas, Beaumont Division.

July 28, 1953.

John N. Touchstone, Dallas, Tex., Ruth Pondrom, Beaumont, Tex., for plaintiff.

Strong, Moore, Strong & Nelson, Beaumont, Tex., for defendant, Hollis M. Collins.

Orgain, Bell & Tucker, Beaumont, Tex., for defendant, Holland Page.

SHEEHY, District Judge.

Plaintiff, wife of Joseph H. Redfern, instituted this suit seeking to recover of and from the Defendants, jointly and severally, a sum in excess of $3,000, exclusive of interest and costs, because of damages for personal injuries she claims to have suffered as a result of a collision which occurred on a public highway in Harris

County, Texas on or about March 14, 1952 between an automobile in which she was riding and which was being driven by her husband, Joseph H. Redfern, and a truck being driven by the Defendant Collins. Plaintiff alleges in her complaint that she and her husband were at the time of the collision in question and at all subsequent times residents and citizens of the State of Colorado and that the Defendants, and each of them, are residents and citizens of the State of Texas. The actionable negligence on the part of the Defendants charged by the Plaintiff consists of alleged violations of certain provisions of the Statutes of Texas pertaining to the operation of motor vehicles on the public highways of the State of Texas.[1]

It is further alleged in the complaint that under the Constitution and laws of the State of Colorado Plaintiff is the owner of the cause of action for her personal injuries and is the sole and only person entitled to assert said cause of action.

The jurisdiction of this Court is invoked because of the diversity of citizenship of the parties under the provisions of Title 28 U.S.C.A. § 1332.

The Defendant Collins has filed a motion to dismiss this action because of Plaintiff's failure to join a necessary indispensable party, namely, Joseph H. Redfern, Plaintiff's husband. The Defendant Page has moved the Court to require the Plaintiff to make her husband Joseph H. Redfern a party to this suit. In addition to the foregoing motions the Defendants, each and separately, have moved to strike that portion of Paragraph 4 of Plaintiff's complaint wherein Plaintiff alleges the provisions of Subsections (a) and (b), Section 68, Article 6701d of the Revised Civil Statutes of Texas, Vernon's Ann.Civ.St. The Defendant Collins has further moved to strike that portion of Paragraph 2 of Plaintiff's complaint wherein Plaintiff alleges her interest in the cause of action asserted and her right to prosecute same under the Constitution and laws of the State of Colorado and the Defendant Page has moved for a

more definite statement on the part of Plaintiff as to either her claimed life expectancy or her age at the time of the collision in question.

In support of their respective motions, first mentioned above, each of the Defendants contends that, since under the settled law of Texas damages sustained by a wife because of personal injuries sustained during coverture are the community property of the husband and wife, Plaintiff's husband is a necessary and indispensable party to this action. On the other hand Plaintiff contends that since the law of Colorado, the State of the residence and domicile of Plaintiff and her husband, vests in Plaintiff as a married woman the exclusive right of action for damages because of personal injuries inflicted upon her during coverture and confers upon her the right to sue therefor as though she were a feme sole, she is the real and only party in interest as to her cause of action herein and, therefore, Plaintiff's husband is not a necessary party to this action. In support of this contention Plaintiff relies heavily on the provisions of Section (a), Rule 17, F.R.C.P., 28 U.S.C.A., to the effect that every action shall be prosecuted in the name of the real party in interest with certain exceptions not here pertinent and the provisions of Section (b) of said Rule 17 to the effect that the capacity of an individual, other than one acting in a representative capacity, to sue or to be sued shall be determined by the law of his domicile.

Chapter 108, § 2, 1935, Colorado Statutes Annotated provides: "Any woman may, while married, sue and be sued, in all matters having relation to her property, person or reputation, in the same manner as if she were sole." For the purpose of the determinations to be herein made it will be assumed as contended by Plaintiff that the courts of Colorado have interpreted this statute as vesting a married woman with the exclusive right of action for personal injuries received during coverture, free of any control whatsoever on the part of her husband.

1. Subsections (a) and (b) of Section 68, Article 6701d, Revised Civil Statutes of Texas.

■ In Texas it is recognized that the right to sue for damages for a tort is a chose in action and property within the legal sense of that term.[2]

■ Concerning damages resulting from personal injuries sustained by a married woman during coverture it is settled law in Texas that:

(1) Such damages belong to the community estate of the husband and wife.[3]

(2) In the absence of a showing that the husband has abandoned the wife and it is necessary for the wife to take action to protect the community estate, the husband is a necessary indispensable party in an action to recover any such damages.[4]

(3) In an action for such damages the negligence of the husband is imputed to the wife and if such negligence was a proximate cause of the wife's injuries, the right to recover for such injuries is defeated.[5]

■ Furthermore, in the Texas practice the husband's power and right to bring suit for the recovery of community property is ordinarily exclusive [6] but, even so, it seems to be now well settled in Texas that the improper joinder of the wife with the husband in a suit for the recovery of community property is harmless and can be reached only by a timely plea.[7] Here we have no plea of improper joinder of the wife as the objection made by each defendant goes to the non-joinder of plaintiff's husband herein rather than to any improper joinder of Mrs. Redfern.

Here we are not concerned with a question as to Plaintiff's capacity to sue herein nor are we confronted with a question of the property rights in the cause of action for Plaintiff's injuries herein asserted as between Plaintiff and her husband. The question here presented goes to the right of action arising out of Plaintiff's injuries as a result of the alleged negligence of the Defendants and requires a determination of whether that right of action is to be governed by the law of the State of Texas or the law of the State of Colorado.

■■ Our Supreme Court has consistently held that matters relating to the right of action arising out of tort which results in death, personal injury, or other wrong, are governed by the law of the place where the tort occurred.[8] We do not here have a situation wherein the wrong was committed in one state and the recovery of damages for said wrong is sought in another state. In this case the place of the wrong and that of the forum concur. There is nothing in the law of comity among states or of public policy which requires Texas to give effect to the laws of Colorado in derogation of its own laws in respect to the rights of a married woman, either substantive or remedial, for the recovery of

2. Ezell v. Dodson, 60 Tex. 331.

3. McAdams v. Dallas Railway & Terminal Co., 149 Tex. 217, 229 S.W.2d 1012; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; Ezell v. Dodson, 60 Tex. 331; Houston Gas & Fuel Co. v. Spradlin, Tex.Civ.App., 55 S.W.2d 1086; and Welch v. Bauer, 5 Cir., 186 F.2d 1002.

4. Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956; San Antonio St. Ry. Co. v. Helm, 64 Tex. 147; Ezell v. Dodson, 60 Tex. 331; Johnson v. Daniel Lumber Co., Tex.Civ.App., 249 S.W.2d 658 (Writ of Error Refused); Roberts v. Magnolia Petroleum Co., Tex.Civ.App., 142 S.W.2d 315 (Writ of Error Refused); and Beverly v. Siegel, Tex.Civ.App., 51 S.W.2d 743.

5. Dallas Railway & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735; Missouri Pac. Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808; Bostick v. Texas & Pacific R. Co., Tex.Civ.App., 81 S.W.2d 216 (Writ of Error Dismissed); and Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778 (Writ of Error Refused).

6. Texas C. Ry. Co. v. Burnett, 61 Tex. 638.

7. San Antonio St. Ry. Co. v. Helm, 64 Tex. 147; Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956; and 23 Tex.Jur., § 286, Page 330.

8. Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158; Cuba Railroad Company v. Crosby, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274; Texas & Pacific Ry. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747; Northern Pacific Railway Co. v. Babcock, 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958; and W. W. Clyde & Co. v. Dyess, 10 Cir., 126 F.2d 719.

896

damages for personal injuries growing out of a tort committed in Texas.[9] The Plaintiff's rights in suing herein for her alleged injuries sustained in Texas do not differ from those of any married woman residing in Texas and suing for injuries sustained in Texas. Therefore, the right of action for Plaintiff's alleged injuries and the party, or parties, entitled to prosecute this suit for such injuries are to be determined by the law of Texas. Texas & Pacific R. Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747; W. W. Clyde & Co. v. Dyess, 10 Cir., 126 F.2d 719; and Traglio v. Harris, 9 Cir., 104 F.2d 439.

Texas & Pacific Ry. Co. v. Humble, supra, is considered exactly in point. In that case a married woman, a resident and citizen of the State of Louisiana, was suing in the United States Circuit Court for the Western District of Arkansas for personal injuries she received while driving in the State of Arkansas. The Defendant contended that, since under the law of Louisiana compensation for personal injuries to a married woman belongs to the husband, the husband alone must sue therefor. The Circuit Court declined to compel the joinder of the husband. The Supreme Court held that the Circuit Court was correct in refusing to compel a joinder of the husband and further held that Plaintiff's rights in suing for her injuries, including the party having the right to sue therefor, was to be governed by the law of Arkansas. In so holding the Supreme Court made the following statement:

"But it is said that under the laws of Louisiana compensation for personal injuries to a married woman belongs to the husband; that he alone can sue therefor; * * *.

"However, whether the objection be that under the laws of Louisiana she could not recover in her own name at all, or could not, except her husband was a coplaintiff, because the damages claimed were community property, we agree with the circuit court of appeals that plaintiff's rights in suing in Arkansas for an injury sustained there did not differ from those of any married woman domiciled in that state; that the legislature of Arkansas had determined by whom a suit might be brought for personal injuries sustained by a married woman; had enlarged the rights of married women in respect of damages recoverable by them on account of personal injuries sustained within the state; and that these laws necessarily enured to the benefit of every married woman who subsequently sued in the courts of the state for personal injuries there sustained, and must be held to have been intended to have, and to have, a uniform operation throughout the state." [181 U.S. 57, 21 S.Ct. 528.]

In W. W. Clyde & Co. v. Dyess, supra, one Sadie Dyess, a married woman, instituted suit in the United States District Court for Utah to recover damages because of personal injuries she received when an automobile being operated by her husband collided with a truck on a public highway in the State of Utah. Plaintiff and her husband were residents and citizens of the State of Texas. The Defendant contended that since the Plaintiff and her husband were residents and citizens of Texas, the right of action for the injuries to Sadie Dyess was the community property of her and her husband and, therefore, the law of Texas which imputes the negligence of the husband to the wife in an action for recovery for personal injuries sustained by the wife should be applied. Under the law of Utah the husband has no right of recovery for personal injuries to the wife and the wife may recover for such injuries as though she were unmarried. The Court of Appeals for the Tenth Circuit rejected said contention of the Defendant and held that the State of Utah was free to fix both the substantive and remedial rights of a married woman, whether a resident or a non-resident, concerning redress for damages growing out of a tort committed in the State of Utah.

█ As above indicated, Texas has seen fit to vest in the community estate of the

9. W. W. Clyde & Co. v. Dyess, supra.

husband and wife the right of action for damages resulting from personal injuries sustained by the wife during coverture and has further seen fit to place the sole right of management and control of said community estate in the husband. That being true, it follows that Plaintiff's husband, Joseph H. Redfern, is a necessary party to this suit.

The motion of the Defendant Page requesting an order requiring that Joseph H. Redfern, Plaintiff's husband, be made a party herein will be granted and the Plaintiff will be given 20 days from the date of the entry of the order herein sustaining said motion within which to file an amended complaint making Joseph H. Redfern a party. In the event such an amended complaint, making Joseph H. Redfern a party herein, is not filed within said 20 day period this case will be dismissed. In view of the action to be taken on the motion of the Defendant Page, just mentioned, the motion of the Defendant Collins requesting a dismissal of this suit will be denied at this time.

The motions to strike that portion of Paragraph 4 of Plaintiff's complaint wherein Plaintiff alleges the provisions of Subsections (a) and (b) of Section 68, Article 6701d, Vernon's Ann.Civ.St. of Texas will each be overruled.

In view of the ruling herein announced as to the motion of the Defendant Page to require the making of Plaintiff's husband a party hereto, the motion of Defendant Collins to strike that portion of Paragraph 2 of Plaintiff's complaint wherein Plaintiff alleges the law of Colorado and her rights thereunder will be sustained.

█ The motion for a more definite statement of the Defendant Page requesting an order requiring the Plaintiff to state either her claimed life expectancy or her age at the time of the collision in question will be denied. The present Federal Rules of Civil Procedure have abrogated the function of the complaint to state fully in detail the claims upon which the Plaintiff will rely. Now the pleadings are restricted to the task of general notice giving and details such as those sought by the motion

for more definite statement are to be obtained by the deposition-discovery processes, Rule 26 et seq., F.R.C.P., so amply available. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 and State Farm Mutual Automobile Ins. Co. v. Scott, 5 Cir., 198 F.2d 152.

The attorneys for the Defendants should present an appropriate form of order for signing and entry.